United States District Court
for the District of Kansas

---

**In re: CCA Recordings 2255 Litigation**,
                    Petitioners,

v.
                                              Case No. 19-cv-2491-JAR-JPO
                                           (This Document Relates to All Cases)

**United States of America,**
                  Respondent.

---

## ORDER MEMORIALIZING NOVEMBER 18, 2019 STATUS CONFERENCE

On November 18, 2019, the Court conducted a status conference. After hearing statements from the parties, the Court set the following deadlines:

1. By **December 2, 2019**, the FPD shall respond to the government's implied-waiver argument raised for the first time in the government's September 30, 2019 supplemental brief (ECF No. 22 at 6-9).

2. By **February 14, 2020,** the parties shall meaningfully confer and attempt to reach agreement on the information fields that will be included on fact sheets and privilege logs prepared for each petitioner.[1] If the parties are unable to reach agreement, they shall raise any disputes in a joint motion filed by that same date.

---

[1] The FPD reported it is in the process of meeting with defense counsel in the underlying cases and creating detailed fact sheets and affidavits from those meetings. The FPD stated this process would be completed by mid-January 2020.

1

> Such motion shall be limited to 20 double-spaced pages, equally divided between the parties.

3. By **February 14, 2020,** the parties shall jointly submit a proposed scheduling order that sets deadlines for the completion of fact and expert discovery, the final pretrial conference, and trials. The Court reminded the parties of its intent to conclude these cases by the end of 2020.

The Court and parties also discussed potential discovery to be conducted in the cases. The FPD stated it intends to work informally with the government to reach agreement on discovery the government will provide without Court order. The Court reminded the parties that absent an agreement in which discovery is exchanged informally, a party requesting discovery must seek leave of Court and show good cause for such discovery under Rule 6 of the Rules Governing § 2255 Proceedings. Any motion in this regard shall be filed by **February 14, 2020**, and shall be limited to 5 double-spaced pages.

The government requested that, before discovery begins, the Court issue another order setting forth the standards for finding attorney-client privilege in soundless videos. The Court declined this request, noting it had previously discussed the applicable standards, guided by the Tenth Circuit's analysis in *Shillinger v. Haworth,*[2] in *United States v. Black*[3] and *United States v. Phommaseng*.[4]

---

[2] 70 F.3d 1132, 1142 (10th Cir. 1995).
[3] Case No. 16-20032, ECF No. 758 at 163-66.
[4] Case No. 15-20020, ECF No. 608 at 19-21.

Finally, the issue of early dispositive motions was discussed. The court ordered that any party wishing to file a dispositive motion must first obtain leave to so do by filing a motion for leave to file the dispositive motion.

**IT IS SO ORDERED.**

Dated: November 18, 2019

        s/ Julie A. Robinson
Julie A. Robinson
Chief U.S. District Judge


        s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge