UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

    Petitioners,

v.

United States of America,

    Respondent.

Case No. 19-cv-2491-JAR

(This Order Relates to Case Nos. 18-2477, 18-2478, and 18-2479)

## **ORDER**

In an order issued January 28, 2020,[1] the court addressed petitioner Petsamai Phommaseng's motion for leave to conduct discovery regarding his claim that the government violated his Sixth Amendment rights when it obtained audio and video recordings of attorney-client communications occurring at the Corrections Corporation of America detention facility ("CCA") (ECF No. 50). Applying Rule 6 of the Rules Governing Section 2255 Proceedings ("Rule 6"), the court determined Phommaseng had demonstrated good cause exists for conducting discovery on his claim. The court took the motion under advisement, however, in order to hear more from the parties about the appropriate scope and form of the discovery. Specifically, the court allowed supplemental briefing regarding (1) the government's request that discovery be bifurcated into a liability

---

[1] ECF No. 56. When a docket citation does not reference a different case number, the citation is to the consolidated case docket in Case No. 19-2491.

1

phase and a remedy phase, and (2) specific disputes over the discovery Phommaseng requested in his motion. The parties have submitted their supplemental briefs. Phommaseng's motion for discovery is granted in part and denied in part, as discussed below.

I. **Bifurcation Request**

The government asserts discovery in this case should be bifurcated, such that Phommaseng must first establish a Sixth Amendment violation before any discovery is permitted on the appropriate remedy. According to the government, if the court accepts its bifurcation argument, then most of the discovery Phommaseng served should be denied as premature. The government asserts bifurcating discovery will save the court and parties valuable resources because Phommaseng is unlikely to succeed in showing the United States Attorney's Office for the District of Kansas ("USAO") violated his Sixth Amendment rights. Thus, the government contends, the "substantial and unwieldy discovery aimed at showing a 'pattern' of Sixth Amendment violations by the government in order to 'measure the appropriate relief'" may be unnecessary.[2]

The court declines to bifurcate discovery. At the forefront of the court's decision is an underlying disagreement with the government that the pattern of behavior by the USAO is relevant *solely* to the issue of remedy. Although the USAO's practice of obtaining video

---

[2] ECF No. 68 at 7.

O:\19-2491-JAR, In Re CCA\-50Final.docx

and audio recordings from CCA, as found by Judge Robinson in the *Black* case,[3] is certainly significant to Phommaseng's remedy theory, such evidence is no less relevant to Phommaseng's liability theory.

For example, Phommaseng must establish, as elements of his claim, that the government "purposefully intruded into the attorney-client relationship" and became "privy to" attorney-client communication "because of its intrusion."[4] Phommaseng has alleged the USAO procured and possessed at least 76 audio recordings of his attorney-client phone calls[5] and six video recordings of his attorney-client meetings.[6] Evidence of the USAO's practice of similar conduct in cases revealed by the *Black* investigation speak to the issue of whether the USAO's intrusion into Phommaseng's relationship with his attorney was "purposeful." Judge Robinson has noted, "[f]indings and conclusions regarding the USAO's routine and systematic collection of all recorded phone calls from CCA with no exception for attorney-client calls or any other precautionary measures—as evidence of a pattern of purposeful and large-scale intrusion into attorney-client

---

[3] *United States v. Carter*, No. 16-20032-02, 2019 WL 3798142 (D. Kan. Aug. 13, 2019). The underlying criminal case against multiple defendants bore the caption *United States v. Black,* based on the first-named defendant in the indictment, Lorenzo Black. After Black was sentenced on July 18, 2018, the case name changed to *United States v. Carter* because the remaining defendant was Karl Carter. The court and parties, however, continued (and continue) to refer to the underlying case as the *Black* case.

[4] *Id.* at *75.

[5] ECF No. 608 in Case No. 15-20020 at 20.

[6] ECF No. 56 at 7.

3

relationships—are directly relevant to § 2255 petitioners' claims that similar misconduct occurred in their cases."[7]

Similarly, Phommaseng must establish, as a separate element of his claim, that the USAO had no "legitimate law enforcement" purpose when it acquired the audio and video recordings of his conversations with counsel.[8] Evidence indicating prosecutors had individual or collective knowledge that the broad subpoenas that captured Phommaseng's communications would indeed capture attorney-client communications is relevant to the issue of the USAO's purpose in this case.

Finally, the USAO's pattern of conduct "is relevant to witness credibility on a host of issues, including the extent of its access to and exploitation of the [individual] recordings."[9] More specifically, Judge Robinson has recognized that "circumstantial evidence" of the government's conduct, "raises serious questions about the Government's credibility on the extent of its access to and disclosure of the recordings."[10]

To put it simply, the government has it wrong when it argues the *Black* investigation is not relevant to Phommaseng's individual case. To be sure, Phommaseng, like each § 2255 petitioner, must make an individualized showing that the USAO violated his Sixth

---

[7] *Carter*, 2019 WL 3798142, at *83.

[8] *Id.* at *75.

[9] *Id.* at *83; *see also id.* at *3 (holding "the USAO's pattern of similar misconduct in other cases is relevant to the Court's determination of witness credibility on the issue of access to the recordings").

[10] *Id.* at *82.

4

Amendment rights such that he is entitled to relief. But Judge Robinson has stated "[t]here's a strong evidentiary connection between all of these cases," and the circumstances surrounding how the USAO obtained and used audio and video recordings in each case "are going to be related to . . . the wider-scale [*Black*] investigation and the record that's developed as a consequence of that."[11] Because evidence that the USAO intentionally procured and possessed audio and video recordings of inmates at CCA could be used at both the liability and remedy stages of Phommaseng's case, bifurcating discovery on this issue would be inefficient and senseless.

## II. Objections to Specific Discovery Requests

In his January 2020 motion for leave to conduct discovery, Phommaseng renewed a number of discovery requests he first made in January 2019,[12] which the court had not yet specifically addressed, and then made 11 additional requests.[13] The government has

---

[11] *Id.* at *83. *See also id.* ("The extensive record on the USAO's retention, preservation, and production of materials related to the *Black* investigation—its failure to cooperate with the Special Master to preserve and produce this material—may lead to discoverable issues on the individual § 2255 petitioners' Sixth Amendment claims, given that the USAO obtained some of those recordings through its investigation in *Black*.").

[12] ECF No. 584 in Case No. 15-20020 at 5-8.

[13] ECF No. 50 at 5.

5
O:\19-2491-JAR, In Re CCA\-50Final.docx

objected to every one of Phommaseng's requests.[14]  The court addresses the government's specific objections here.[15]

January 2019 Request Nos. 3, 4, 6, 7, and 13.  The government argues these requests "are overbroad and unduly burdensome because they are not limited to documents and materials related to Phommaseng and have no obvious relevance to Phommaseng's Sixth Amendment claims."[16]  Although the government uses the terms "overbroad" and "unduly burdensome," this appears to be an objection based on relevance.[17]

---

[14] The government also has asserted several general objections, such as an objection to the entire "definitions" section of the January 2019 requests "to the extent [the definitions] purport to impose duties and obligations upon the government that exceed the scope of the Federal Rules of Civil Procedure." ECF No. 68 at 12.  General objections are disfavored in the District of Kansas and are deemed to assert "no objection at all." *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667-68 (D. Kan. 2004).  Thus, the court does not consider the government's general objections.

[15] Phommaseng's supplemental brief states that on February 10, 11, and 19, 2020, the government provided responses to Request Nos. 1(d) and (e), and 2(a) and (d) made in the January 2020 motion for discovery.  ECF No. 75 at 6 n.24.  The court therefore finds the government's objections to those requests moot and does not address them.  Similarly, Request No. 10 made in January 2019 was withdrawn by Phommaseng in his supplemental brief, *id.* at 8, making the government's objection thereto moot.

[16] ECF No. 68 at 12.

[17] To the extent the government truly meant to assert an undue burden objection, the objection is overruled because it is not "clearly supported by an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Fish v. Kobach*, Nos. 16-2105-JAR-JPO, 15-9300-JAR, 2016 WL 893787, at *1 (D. Kan. March 8, 2016) (citing *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004); and *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 646 (D. Kan. 2003)).

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." At the discovery stage, relevance is broadly construed.[18] "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" is deemed relevant.[19]

The government seems to be objecting based on its argument, addressed above, that information learned in the *Black* investigation does not bear on Phommaseng's individual Sixth Amendment claim. Because the court has rejected this argument, the objections to Request Nos. 3, 4, 6, 7, and 13 are overruled.

January 2019 Request Nos. 5, 11, and 12. The government objects to Request Nos. 11 and 12 as "unduly burdensome" and irrelevant because they seek information about government personnel who accessed video recordings of attorney-client meetings at CCA even when those recordings were not of Phommaseng. The court has found above that the USAO's pattern of accessing recordings of attorney-client communications is relevant to Phommaseng's individual case; the relevance objection is overruled. To the extent the

---

[18] *See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

[19] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." (internal quotations and citation omitted)).

7
O:\19-2491-JAR, In Re CCA\-50Final.docx

objection is based on undue burden, here again it's unsupported by an affidavit or other evidentiary proof of the time or expense involved in responding to the requests, and is therefore overruled.[20]

The government also objects to all three requests on the basis that they ask the government to create new documents, rather than produce documents already in existence. The court agrees with the government that a party has no obligation to create documents in response to a discovery request for production of documents. This objection is sustained.

January 2019 Request No. 8. The government objects that Request No. 8 "is overbroad and unduly burdensome in that it seeks documents and materials related to 'communications of inmates and attorneys'—without limitation, regardless of whether the inmate was Phommaseng or anyone else in federal custody—that would be mostly irrelevant to Phommaseng's Sixth Amendment claims."[21] To the extent the government is asserting evidence showing the USAO or its agents obtained, possessed, listened to, or watched confidential attorney-client communications is not relevant to Phommaseng's claims, the objection is overruled. As discussed above, Judge Robinson has ruled the USAO's pattern of this type of behavior is relevant to the claims of individual petitioners. To the extent the objection is based on undue burden, once again it's not supported by an

---

[20] *See supra* note 17.
[21] ECF No. 68 at 12.

affidavit or other evidentiary proof of the time or expense involved in responding to the request, and is therefore overruled.[22]

January 2019 Request No. 9. The government objects to this request as irrelevant. The objection is overruled. Phommaseng has asserted his attorney was targeted by the USAO "because of the overlap between Mr. Phommaseng, Mr. Dertinger, and the CCA investigation."[23] In addition, Judge Robinson has determined the meeting at issue in this request involved a document Phommaseng's attorney had obtained in this case.[24] Under the liberal relevance standards, a meeting between Phommaseng's attorney and USAO attorneys related to Dertinger could bear on Phommaseng's Sixth Amendment claim, such as whether the USAO's intrusion into attorney-client communication was intentional and/or for a legitimate law enforcement purpose.

January 2020 Request Nos. 1(a)-(c), (f), and (g). The government asserts these requests are "overbroad," i.e., not relevant, "because they are not limited to Phommaseng's Sixth Amendment claims."[25] The government gives no further explanation of its objection. The court finds these requests relate to actions of the USAO that were the subject of the court's investigation in *Black*. As discussed above, such actions are relevant to Phommaseng's case. These objections are overruled.

---

[22] *See supra* note 17.
[23] ECF No. 602 at 15.
[24] *Carter*, 2019 WL 3798142, at *33.
[25] ECF No. 68 at 13.

9

January 2020 Interrogatory No. 2(b). The government objects to this interrogatory, which asks the government to identify those who "accessed" or "were privy to" video recordings of CCA meeting rooms, on three grounds. First, the government argues use of the term "accessed" makes the interrogatory overbroad because it extends the interrogatory's coverage to people who tried, but failed, to view the recordings. Phommaseng must demonstrate the government's intent as an element of his Sixth Amendment claim, and even failed attempts by USAO attorneys to view the videos are relevant to this inquiry. The court overrules this objection.

Second, the government asserts the term "privy to" calls on the government to reach a legal conclusion regarding the "privy to" element of a Sixth Amendment violation. But in his supplemental brief, Phommaseng clarifies that, as used in this interrogatory, "privy to" is defined as it was by Judge Robinson in *Black*: "being knowledgeable about something secret or private."[26] With this clarification, the government should be able to apply the definition and answer as a matter of fact, without reaching any legal conclusion. This objection is overruled.

And third, the government asserts a relevance objection because the interrogatory is "not limited to recordings of meetings between Phommaseng and his attorney."[27] As

---

[26] ECF No. 75 at 11, citing *Carter*, 2019 WL 3798142, at *81 (citing https://www.merriam-webster.com/dictionary/privy%20to?src=search-dict-box).

[27] ECF No. 68 at 14.

discussed above, this view of relevance cuts too narrowly. Thus, the relevance objection is also overruled.

<u>January 2020 Interrogatory No. 2(c)</u>. The government objects that this interrogatory is "overbroad and unduly burdensome because it is not limited to recordings of meetings between Phommaseng and his attorney."[28] The government gives no further explanation of its objection. The court finds this interrogatory relates to the actions of the USAO that were the subject of the court's investigation in *Black*, and as previously noted, are relevant to Phommaseng's claim. To the extent the objection is based on undue burden, it is not supported by an affidavit or other evidentiary proof of the time or expense involved in responding to the request, and is therefore overruled.[29]

Based on the above rulings, the court orders the government to respond to the discovery requests made in Phommaseng's renewed motion for leave to conduct discovery (including Phommaseng's renewed request for discovery first sought in January 2019) by **March 18, 2020**.[30]

---

[28] *Id.*

[29] *See supra* note 17.

[30] The court's rulings here address the specific discovery Phommaseng may serve, in light of the court's rulings on the government's specific objections. The government has not waived its right to assert one or more privilege objections in its response to the discovery. Should the government assert one or more privilege objections to specific discovery requests, Phommaseng would have the opportunity via a motion to compel to ask the court to overrule such objections.

11

### III.     Government's Request for Legal Advice

Finally, the court notes the government has requested "guidance on how to preserve its arguments regarding the merits of Phommaseng's Sixth Amendment claims."[31] Respectfully, this is a legal question that falls to the government to research and make strategic decisions about. Perhaps the government could start by drafting a proposed stipulation for consideration by Phommaseng's counsel. But regardless of how these discussions might ensue, it's clearly not the place of this court to give any party or lawyer advice on matters that will be decided by another court.

IT IS THEREFORE ORDERED that Phommaseng's motion to conduct discovery (ECF No. 50) is granted in part and denied in part, as discussed above and in the court's January 28, 2020 order (ECF No. 56).

Dated February 24, 2020, at Kansas City, Kansas.

    s/ Julie A. Robinson
Julie A. Robinson
Chief U.S. District Judge

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[31] ECF No. 68 at 9.