UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

    Petitioners,

v.

United States of America,

    Respondent.

Case No. 19-cv-2491-JAR

(This Order Relates to All Cases)

# ORDER

The petitioners in these cases consolidated for discovery have filed a motion seeking to take custody of and inspect a forensic image of the Kansas Bureau of Investigation ("KBI") computer assigned to Special Agent Jeff Stokes ("the computer"), which is currently in the court's possession (ECF No. 57).[1] The government did not oppose the motion. The KBI, as an interested party, objected to releasing the forensic image to petitioners without limitation, noting that the computer contains highly-confidential, law-enforcement information that is not relevant to the consolidated cases. Petitioners, in reply, agreed to narrow their request. The court grants the motion as narrowed.

Stokes was involved in an investigation, directed by the United States Attorney's Office for the District of Kansas ("USAO"), into whether drug trafficking was occurring

---

[1] The court took possession of the forensic image in the related case of *United States v. Dertinger*, Case No. 14-20067-06-JAR (ECF No. 530).

1

inside the Corrections Corporation of America detention facility in Leavenworth, Kansas ("CCA"). The USAO tasked Stokes with reviewing video recordings made at CCA, including a recording of an inmate meeting with his attorney. The USAO provided Stokes six DVR hard drives, along with a docking station and a set of instructions for viewing the footage on a software program known as "PELCO player."

The USAO's subpoena of CCA video recordings—and whether related actions violated CCA inmates' Sixth Amendment rights—became the subject of an investigation in *United States v. Black*, Case No. 16-20032. As part of that investigation, which was overseen by a court-appointed special master, Judge Robinson ordered that a forensic image of the computer be created. In July 2017, the KBI produced to the special master's agent one encrypted and one decrypted copy of the computer hard drive, which was immediately placed in the court's vault. According to the confidentiality acknowledgment produced by the KBI and signed by the special master's agent, the copies contain "highly sensitive, restricted-use information," including criminal-investigation records, security protocols, and operation plans.[2]

In an effort to protect highly confidential information that is not related to these cases, the KBI has proposed to meet with a representative from the Federal Public Defender ("FPD") to inspect the computer and "make records and copies, as appropriate, of any

---

[2] ECF No. 70-4 at 1.

data/metadata . . . which shows when, for what length of time, and what images or DVR/hard drive(s) Agent Stokes reviewed."[3]  Petitioners have agreed to this approach.[4]

The court authorizes this specific, agreed-upon discovery.  But to curtail an authenticity dispute at a later stage of the case, the court finds it prudent that a government representative also attend the meeting.

IT IS THEREFORE ORDERED that petitioners' motion is granted, as limited herein.  The parties and KBI are directed to meet on a mutually agreeable date, but no later than **March 13, 2020,** to inspect the computer and make copies for the FPD of the relevant data/metadata.

Dated February 24, 2020, at Kansas City, Kansas.

    s/ Julie A. Robinson
Julie A. Robinson
Chief U.S. District Judge

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[3] ECF No. 70 at 10.

[4] ECF No. 77 at 5.  Petitioners "do not concede" that the court lacks discretion to order a broader inspection at some point, but agree "the more narrow inspection proposed by the KBI is, under the present 'circumstances,' appropriate."  *Id.*