UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

        Petitioners,

v.                                            Case No. 19-cv-2491-JAR

United States of America,             (This Order Relates to All Cases)

        Respondent.

### ORDER

The government has filed a motion for protective order relieving it from having to respond to discovery that has not been specifically authorized by the court under Rule 6 of the Rules Governing Section 2255 Proceedings (ECF No. 67). Because the court agrees all formal discovery requests should be approved by the court, the motion is granted.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[1] Rather, petitioners are subject to Rule 6, which provides in relevant part:

> **(a) Leave of Court Required**. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . .
>
> **(b) Requesting Discovery**. A party requesting discovery must provide reasons for the request. The request must also include any

---

[1] *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

1

>   proposed interrogatories and requests for admission, and must
>   specify any requested documents.

If a court finds good cause to authorize discovery under subdivision (a), then "the scope and extent of such discovery is a matter confided to the discretion of the District Court."[2] "Subdivision (b) provides for judicial consideration of all matters subject to discovery."[3] By requiring submission of proposed interrogatories, requests for admission, and document requests, subdivision (b) "enable[s the court] to make certain that the inquiry is relevant and appropriately narrow."[4]

Petitioners are mistaken in their assertion that Judge Robinson authorized them to serve any and all discovery related to audio recordings in her August 13, 2019 order granting, in part, petitioner Petsamai Phommaseng's motion for leave to conduct discovery.[5] To the contrary, Judge Robinson specifically limited her findings in that order to whether Phommaseng had shown good cause for conducting discovery generally and declined to approve any particular discovery.[6]

---

[2] *Bracy*, 520 U.S. at 909.

[3] Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases, which the Advisory Committee Notes to Rule 6 of the Rules Governing Section 2255 Proceedings have made "fully applicable."

[4] *Id.*

[5] *See* ECF No. 608 (granting, in part, ECF No. 584).

[6] ECF No. 608 at 18 ("The Court limits its finding here to whether Petitioner has established good cause for his discovery requests and finds that specific determinations of relevance are more appropriately left for Judge O'Hara."); *id.* at 22-23 ("[T]he Court finds that Petitioner has established good cause and authorizes Petitioner to conduct discovery with respect to audio recordings under Rule 6(a); the Court refers . . . the specifics of

Additionally, the court rejects petitioners' suggestion that the subdivisions of Rule 6 should be read in a vacuum, such that if a court finds good cause to authorize discovery under subdivision (a) it need not consider specific discovery requested under subdivision (b). Petitioners cite no case that has followed this approach. The court declines to opine on whether a court would be permitted to take such an approach, but reiterates that in *these* consolidated cases the court has exercised its discretion to require pre-approval by the court of all discovery.[7]

Accordingly, any party who seeks to serve formal discovery is directed to file a motion for leave to so do, attaching the proposed discovery as an exhibit.[8] Any responsive briefing is expedited, with responses due **within 5 days**, and replies due **2 days thereafter**. The parties' principal briefs with regard to such motions must be limited to five double-spaced pages, with replies limited to two pages. All discovery motions and related briefs must take into account the rulings made today in the separately issued order deciding

---

Petitioner's requests and the objections thereto to Chief Magistrate Judge James P. O'Hara.").

[7] The Advisory Committee Notes to Rule 6 recognize the "rule contains very little specificity as to what types and methods of discovery should be made available to the parties in a habeas proceeding, or how, once made available, these discovery procedures should be administered. The purpose of this rule is to get some experience in how discovery would work in actual practice by letting district court judges fashion their own rules in the context of individual cases." Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases, which the Advisory Committee Notes to Rule 6 of the Rules Governing Section 2255 Proceedings have made "fully applicable."

[8] If the discovery requested is a deposition, the specific matters about which testimony is sought must be included in the proposed deposition notice or subpoena.

Phommaseng's motion for leave to conduct discovery.[9]  If the court approves certain requested discovery, the court typically will set a 14-day response (i.e., compliance) deadline.  No objections—other than those based on privilege and accompanied by a privilege log—shall be asserted in response, given that any objections should have been raised in response to the motion itself and been decided by the court.

To be clear, nothing in this order prohibits the parties from agreeing, informally, to produce discovery.  The government reports in its reply brief that it has been providing discovery on a "rolling, informal, voluntary basis,"[10] and the court has encouraged such cooperation amongst the parties.[11]  There are obvious practical and economic advantages for good lawyers who agree to conduct discovery informally, and the court strongly encourages counsel to continue to do so in this complex case.  However, absent complete agreement by counsel in this regard, the court will not be available to referee any later disputes about such discovery.

IT IS THEREFORE ORDERED that the government's motion for protective order relieving it from having to respond to discovery that has not been specifically authorized by the court is granted.  The unauthorized discovery filed on the docket as ECF Nos. 68-1

---

[9] ECF No. 79.

[10] ECF No. 74 at 1.

[11] ECF No. 38 at 2 ("The Court reminded the parties that absent an agreement in which discovery is exchanged informally, a party requesting discovery must seek leave of Court and show good cause for such discovery under Rule 6 of the Rules Governing § 2255 Proceedings." (emphasis added)).

(Phommaseng's revised first request for production of documents), 68-2 (subpoena issued to Sheri Catania), and 68-3 (Phommaseng's proposed second request for production of documents) is considered null and void, and the government need not respond to it.

Dated February 24, 2020, at Kansas City, Kansas.

                                                        s/ Julie A. Robinson
                                                        Julie A. Robinson
                                                        Chief U.S. District Judge

                                                        s/ James P. O'Hara
                                                        James P. O'Hara
                                                        U.S. Magistrate Judge