UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

        Petitioners,

v.                                                        Case No. 19-cv-2491-JAR

United States of America,

        Respondent.

## **ORDER**

The question before the court is whether discovery may be shared by petitioners in these § 2255 cases consolidated for discovery; in other words, may one petitioner use in his individual case discovery obtained in another petitioner's individual case. This question arose when petitioner Mamoudou M. Kaba filed a motion for leave to conduct civil discovery (ECF No. 53) just three days after an almost identical motion was filed by petitioner Petsamai Phommaseng.[1] In anticipation of ruling Kaba's motion, the court asked the parties to address the legal and practical implications of shared discovery.[2] After considering the parties' positions, the court now holds petitioners may share discovery. This holding moots Kaba's motion except for two discovery requests that were not directly

---

[1] ECF No. 50.
[2] ECF No. 80.

1

asserted by Phommaseng. As to those two requests, the motion is denied in part and granted in part.

I. <u>Sharing Discovery</u>

In their respective briefs, the parties agree that discovery should, as a practical matter, be shared between petitioners. The court also agrees that sharing discovery, rather than burdening the government with producing the same discovery in more than one-hundred cases stemming from the same underlying investigation, is both efficient and in keeping with the directives of Fed. R. Civ. P. 1.

As a legal matter, petitioners contend nothing prohibits them from sharing discovery absent the entry of a Fed. R. Civ. P. 26(c) protective order forbidding disclosure of discovery. The government does not necessarily disagree, but expresses concern over ensuring its objections asserted in response to Phommaseng's discovery motion (and any future discovery motions) are preserved in each individual § 2255 action. The government suggests the court address this by ordering motions seeking discovery applicable to all petitioners, and orders ruling on the same, be filed in each individual case. Petitioners reject this suggestion as unnecessarily creating more work for the parties and the court, particularly because it may require a good-cause-for-discovery finding in each individual case. The concerns of both sides are addressed in the following order.

IT IS HEREBY ORDERED that petitioners may share discovery amongst themselves. The arguments of the parties[3] and the rulings of the court[4] with respect to Phommaseng's motions for leave to conduct civil discovery are deemed filed in each of the § 2255 cases consolidated for discovery in this action as though the arguments and rulings were made in each individual case. Any future motion for leave to conduct discovery filed in this consolidated action that (1) a petitioner anticipates sharing with other petitioners or (2) the government proposes applies to every petitioner will be deemed filed in each individual case such that the request and any objections are preserved in all cases.

II. Kaba's Distinct Requests

In a series of orders, the court found Phommaseng had shown good cause to conduct civil discovery regarding recorded telephone calls and soundless video recordings of attorney meeting rooms, and authorized proposed specific discovery requests over the government's objections. The court then reset briefing deadlines for Kaba's motion and asked the parties to address "whether Kaba's motion has been mooted by the discovery permitted in the Phommaseng order."[5] In response, the parties agree Kaba's motion is largely now moot save for Kaba's Request 2 and Request 5.

---

[3] *See* ECF Nos. 50, 54, 55, 68, and 75; and ECF Nos. 584, 593, and 602 in Case No. 15-20020.

[4] *See* ECF Nos. 56 and 79; and ECF No. 608 in Case No. 15-20020.

[5] ECF No. 80 at 1.

As an initial matter, the court finds Kaba has demonstrated good cause to conduct discovery related to recordings of his communication with counsel. With his motion, Kaba submitted the affidavit of First Assistant Public Defender Kirk C. Redmond, who attested there is a video recording that shows communications between Kaba and his then-attorney Tim Burdick.[6] The recording is of a 90-minute meeting on April 12, 2019.[7] Kaba argues that further discovery is necessary to enable him to demonstrate the government became privy to this communication with counsel. Applying the legal standards set out by Judge Robinson in *Black*,[8] the undersigned finds Kaba has made sufficient, specific allegations to show he may be entitled to relief if he is able to further develop the facts underlying his petition.[9]

Request 2. In Request 2, Kaba seeks "information relating to repositories in the USAO information systems that could have been, were, or are being searched using the June 7, 2017 terms."[10] This request is very similar to a document request made by Phommaseng for a "list or log of all repositories in the USAO-DKan information systems

---

[6] ECF No. 53-3 at 2-3.

[7] Id.

[8] *United States v. Carter*, No. 16-20032-02, 2019 WL 3798142, at *82 (D. Kan. Aug. 13, 2019).

[9] The government does not argue specifically that Kaba failed to establish good cause for discovery, but instead simply preserves its "objection to basing any finding of good cause under Rule 6(a) on substantive legal rulings in *United States v. Carter*, No. 16-20032-02, 2019 WL 3798142 (D. Kan. Aug. 13, 2019)."

[10] ECF No. 53 at 4.

that could have been, were, or are now being searched using the June 7, 2017, list of search terms negotiated by USAO-DKan and the Special Master . . . ."[11] The court sustained the government's objection to Phommaseng's request because "a party has no obligation to create documents in response to a discovery request for production of documents."[12] As the government noted in its response to Kaba's motion, Request 2 "is conceivably broader" than Phommaseng's request because it could be interpreted as seeking "something other than a list or log of all repositories in the USAO information systems that could have been, were, or are being searched using the June 7, 2017 terms," but if such is the case, it should be clarified.[13] Despite the government's invitation to clarify Request 2, Kaba did not. Because it is unclear what, if anything, Request 2 seeks other than discovery the court rejected in *Phommaseng*, it is not narrowly tailored and is rejected. Kaba's motion is denied as to Request 2.

Request 5. In Request 5, Kaba seeks "information relating to allegations the USAO requested, obtained, reviewed, disseminated, received summaries/reports of, or relied on recordings of attorney-client communications, and the identities of anyone who took such action or directed or permitted the same."[14] The government's only specific objection to

---

[11] Request No. 5, ECF No. 584 in Case No. 15-20020-JAR.

[12] ECF No. 79 at 8.

[13] ECF No. 90 at 4.

[14] ECF No. 53 at 5.

Request 5 is that it appears to seek the same information sought by Phommaseng.[15]  Kaba explained in reply that his request, as distinguished from Phommaseng's three related requests, is not limited to "materials not produced in *Black*" or to information related to "video recordings."[16]  With this clarification, the court grants Kaba's motion that he be permitted to serve Request 5.  If the government has already provided all information responsive to Request 5 in Phommaseng's case, it may so inform Kaba and need not expend resources to make a duplicate production given the court's ruling above on shared discovery.

IT IS THEREFORE ORDERED that Kaba's motion for discovery is granted as to Request 5 and denied as to the remaining requests.

III.     Resetting Deadline for Rule 6 Motions

On February 28, 2020, the court granted the parties' requests to stay the deadline for filing motions under Rule 6 of the Rules Governing Section 2255 Proceedings, pending the court's ruling on whether one petitioner may use discovery obtained in another

---

[15] *See* Request No. 8, ECF No. 584 in Case No. 15-20020-JAR ("documents or materials not already filed as exhibits in the *Black* case, relating to allegations that [the USAO violated the law] by obtaining, possessing, listening to, or watching confidential communications of inmates and attorneys"); Request No. (1)(a), ECF No. 50 ("information indicating the USAO requested, obtained, reviewed, disseminated, or relied on video recordings of attorney meeting rooms"); and Request No. (2)(b)-(c), ECF No. 50 ("the identities of individuals or entities who accessed, reviewed, or were privy to recordings of attorney meeting rooms, or permitted or directed such review; [or] received summaries or reports of such recordings").

[16] ECF No. 95 at 5.

petitioner's case.[17] Now that the court has ruled petitioners may share discovery, the court resets the deadline for filing Rule 6 motions to **April 2, 2020**. The June 30, 2020 deadline for the *completion* of all discovery also remains.[18]

IT IS SO ORDERED.

Dated March 12, 2020, at Kansas City, Kansas.

                                            s/ Julie A. Robinson
                                            Julie A. Robinson
                                            Chief U.S. District Judge

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge

---

[17] ECF No. 86.

[18] ECF No. 83 at 4.