UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

      Petitioners,

v.                                             Case No. 19-cv-2491-JAR

United States of America,

      Respondent.

## ORDER

The government has filed a motion (ECF No. 128) asking the court to allow it to take temporary custody of the hard drives of 13 laptop computers and 6 desktop computers that are stored in containers sealed by the special master in *United States v. Black*. The government states it will send the hard drives, along with the original chassis for each of the laptop computers, to the Department of Justice's Computer Crimes and Intellectual Property Section (CCIPS) Cybercrime Laboratory in Washington, D.C., where the hard drives will be copied and inspected. In addition, the government commits to working with the CCIPS Lab to run searches for documents responsive to the petitioners' approved discovery requests. Petitioners do not oppose the motion, and indeed, ask the court to grant

the motion so the government may timely produce responsive discovery stored on the hard drives.[1]

IT IS THEREFORE ORDERED that the motion is granted.  The government is ordered to contact the chambers of U.S. District Judge Julie A. Robinson by **May 1, 2020**, to arrange a time for the opening of the sealed containers in the presence of her staff.  The government shall prepare an inventory of the 19 hard drives to immediately file with the court.  When the CCIPS Lab has completed its forensic analysis, the government shall again make arrangements with Judge Robinson's staff to return the 19 hard drives and the 13 laptop chassis to the sealed container.  The government shall take photographs of the hard drives (and packaging) before submission to the CCIPS Lab and upon their return to the District of Kansas.

IT IS SO ORDERED.

Dated April 29, 2020, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[1] Although the court declines petitioners' request to issue an opinion at this time on whether a *hypothetical* delay in the inspection of the hard drives will constitute good cause to modify scheduling-order deadlines, the government should be on notice that the court will strictly enforce the good-cause standard should an *actual* delay materialize.  In such event, the government should be prepared to address why it did not request an examination of the hard drives earlier in this case or during the *Black* litigation.