UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

Petitioners,

v.

United States of America,

Respondent.

Case No. 19-cv-2491-JAR

(This Order Relates to Case Nos. 18-2477, 18-2478, and 18-2479)

**ORDER**

This court has found petitioner Petsamai Phommaseng demonstrated good cause to conduct discovery regarding his claims that the government violated his Sixth Amendment rights when it obtained recordings of protected attorney-client communications at the Corrections Corporation of America in Leavenworth, Kansas ("CCA").[1] Phommaseng now moves for leave to serve a subpoena duces tecum on Securus Technologies, Inc. (Securus), the company that provided the equipment and technology used to record detainee telephone communications at the facility (ECF No. 137). The subpoena commands the production of documents and objects regarding: (1) recording-access events for CCA between July 1, 2016, and October 31, 2016; and (2) lawful requests for CCA recordings (such as subpoenas or court orders) submitted to or received by Securus between

[1] *United States v. Phommaseng*, 15-cr-20020-JAR-5, ECF No. 608 at 20 (applying Rule 6(a) of the Rules Governing Section 2255 Proceedings).

August 9, 2016, and August 25, 2016.[2] The government does not object to the discovery and recognizes the information sought is relevant.[3] The government requests access to the information produced by Securus, noting it will be helpful in evaluating petitioners' cases.

The court agrees the subpoena is appropriately narrow and seeks relevant information. The court further finds the information should be made available to both sides. Phommaseng objects to providing the information to the government, arguing Securus's production could "capture recordings of privileged and protected attorney-client calls."[4] While the court finds this possibility unlikely given the subpoena does not request recordings,[5] the court will permit Phommaseng to withhold from production (at least at this point) any recording produced in response to the subpoena that he alleges contains confidential attorney-client communication.[6] Phommaseng shall produce an appropriate privilege log if he withholds any such recordings.

---

[2] ECF No. 137-1.

[3] ECF No. 172 at 1.

[4] ECF No. 181 at 2 n.3.

[5] Instead, Phommaseng describes the subpoena as requesting "documentation" and information about "any lawful request . . . e.g., a subpoena or court order." ECF No. 137 at 2-3.

[6] As the parties recognize, whether petitioners implicitly waived the attorney-client privilege is at issue in the government's motion for discovery (ECF No. 139). The court's ruling on that motion could lead the court to order recordings produced. This order should not be interpreted to take any position on that issue.

**IT IS THEREFORE ORDERED** that Phommaseng's motion to serve a subpoena on Securus is granted. Phommaseng shall provide the government a copy of what it receives from Securus, subject to the above ruling, within ten days of receipt.

Dated May 14, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge