UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,
                              Petitioners,

v.                                                               Case No. 19-cv-2491-JAR

United States of America,                      (This Document Relates to All Cases)
                              Respondent.

## ORDER

In a discovery order issued June 4, 2020, the court addressed the government's request to serve discovery pertaining to the issue of individualized prejudice.[1] The court ruled, "*under the present record,* there is good cause" for such discovery, as prejudice is relevant to the court's determination of an appropriate remedy should a Sixth Amendment violation be found.[2] But the court noted petitioners appeared willing to concede that they would not attempt to demonstrate individualized prejudice, and if such were the case, there would be no good cause for the government to pursue discovery on the issue.[3] Thus, the court set a deadline of June 8, 2020, for petitioners to file a stipulation that they would not attempt to demonstrate individualized prejudice.[4] If petitioners filed such a stipulation, the

---

[1] ECF No. 230 at 5-6 (addressing the government's proposed Interrogatory No. 24 and Request No. 23).

[2] *Id.* at 5 (emphasis in original).

[3] *Id.* at n.23 (noting the statement in petitioners' response brief that "no petitioners have alleged they can make such a showing [of specific prejudice]").

[4] *Id.* at 6.

1

government was prohibited from serving discovery on the issue.

Petitioners did not file the discussed stipulation by the deadline.  Instead, petitioners filed motions (**ECF Nos. 258 and 259**) to extend the deadline to July 31, 2020.  Despite their earlier statement, petitioners now assert they "cannot fairly and adequately evaluate whether they will seek to prove individualized prejudice in support of their intentional-intrusion claims until the government produces certain discovery."[5]  The "certain discovery" appears to be requests for information indicating the government "relied on" recordings of attorney-client communications.[6]  The government's discovery responses are due by July 1, 2020.

Petitioners' motions are granted in limited part.  Petitioners have now conceded that the question of individualized prejudice remains an open issue, and as such, the government is permitted to conduct discovery on this issue—the government may serve proposed Interrogatory No. 24 and Request No. 23 by the June 10, 2020 deadline previously set for service of its proposed discovery.[7]  The court will extend the deadline to **July 8, 2020**, for petitioners to either file their stipulation on individualized prejudice or respond to Interrogatory No. 24 and Request No. 23.[8]

---

[5] ECF No. 258 at 2.

[6] *Id.* at n.4 (citing ECF No. 50 at 5 and ECF No. 53 at 5).

[7] ECF No. 230 at 24.

[8] Petitioners' responses to other discovery served pursuant to ECF No. 230 remain due by July 1, 2020.  The one-week extension for petitioners to respond to Interrogatory

IT IS SO ORDERED.

Dated June 9, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara

---

No. 24 and Request No. 23 should be sufficient to allow them to fill in any gaps in their drafted responses after receiving the government's discovery responses.

3