**In the United States District Court
For the District of Kansas**

**In re: CCA Recordings 2255 Litigation,**
        Petitioners,

v.                                                                    **Case No. 2:19-cv-2491 (This
                                                                     Document Relates to All Cases)**

**United States of America,**
        Respondent.

**Petitioners' Motion to Amend the Scheduling Order**

The parties' proposed pretrial order is currently due on September 8, 2020. A

pretrial conference is scheduled for the morning of September 16, 2020. In light of

the government's recent disclosure that it will not comply with this Court's orders to

respond to Petitioners' approved discovery requests, Petitioners plan to file a motion

for sanctions on or before September 15, 2020.[1] The Court's resolution of

Petitioners' anticipated motion may impact both the contents of the pretrial order

and the matters discussed at the pretrial conference. For the reasons discussed

below, Petitioners therefore ask the Court to amend the scheduling order; to stay

the time for filing a proposed pretrial order and to postpone the pretrial conference

pending the Court's ruling on Petitioners' anticipated motion for sanctions; and to

---

[1] Petitioners' counsel, the Federal Public Defender (FPD), will endeavor to file the motion for
sanctions before this date. The FPD offers this date as a conservative estimate, taking into account
that its response brief in *United States v. Carter*, 10th Cir. Case No. 20-3042, is due on September 8,
2020.

1

set a deadline for filing a motion for a scheduling conference. The government takes

no position on Petitioners' request.[2]

## 1.  Procedural History

On February 24, 2020, March 12, 2020, and April 27, 2020, this Court ordered

the government to respond to Petitioners' approved discovery requests on or before

July 1, 2020.[3] On June 19, 2020, the government filed a motion for a protective

order, thereby partially staying its July 1, 2020 production deadline. Specifically,

the government indicated that it had not yet begun to search at least 300 TB of

electronic storage and asked the Court to rule that it wasn't "required to undertake

additional searches of electronically stored information in responding to"

Petitioners' approved requests.[4]

On July 1, 2020, the government partially responded to a portion of Petitioners'

approved discovery requests.[5] Since then, Petitioners have asked the government

for additional information about, and to make certain revisions to, its existing

production; the government has not yet fully responded.[6]

On July 27, 2020, this Court denied the government's request for a protective

order and directed the government to search its remaining electronic repositories

---

[2] The government has asked Petitioners to inform the Court that "the reason for the Government's position is [its] request in the Notice that the Court proceed to rule on and deny [Petitioners'] pending [§] 2255 petitions without further production of discovery from the government, either by receiving and deciding dispositive motions or by reaching the merits of the petitions at this time."

[3] Doc. 79; Doc. 96; Doc. 126; Doc. 127 at 4.

[4] Doc. 359 at 2, 11 & n.12, 13; *see* D. Kan. R. 26.2(a).

[5] *See, e.g.*, Doc. 393.

[6] *See* Att. 1.

and "fully respond" to Petitioners' approved requests by August 28, 2020.[7] On

August 20, 2020, the government notified the Court that it was refusing to do so.[8]

Under the terms of this Court's scheduling order, the parties' proposed pretrial

order is currently due on September 8, 2020, and a pretrial conference is set for the

morning of September 16, 2020.[9]

## 2.  Arguments and Authorities

Assuming the government follows through on its statement that it will not

further comply with this Court's orders, Petitioners anticipate moving for sanctions

no later than September 15, 2020.[10] Among the potential sanctions available to the

Court are the ability to render a default judgment against the government; to direct

that "designated facts be taken as established for purposes of the action"; to prohibit

the government "from supporting or opposing designated claims or defenses"; to

strike the government's responsive pleadings; and to enter an order of contempt.[11]

In light of these options, the Court's resolution of Petitioners' motion for

sanctions may significantly alter the subsequent course of this litigation. It may

also impact both the contents of the parties' proposed pretrial order and the matters

under discussion at the pretrial conference. For example, if the Court precludes the

---

[7] Doc. 446 at 19; *see also* Doc. 127 at 4 (requiring the government to produce all discovery no later than September 1, 2020).

[8] Doc. 540.

[9] Doc. 127 at 4.

[10] *See, e.g.*, Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A); *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018), *cert. denied sub nom. Schenkel v. Xyngular Corp.*, 139 S. Ct. 803 (2019).

[11] Fed. R. Civ. P. 37(b)(2)(A); *see also, e.g.*, Fed. R. Civ. P. 16(f)(1)(C).

government from opposing Petitioners' claims or from supporting some or all of the government's defenses, there will be no need to list the government's denials or defenses on the proposed pretrial order.[12] And if the Court directs that designated facts be taken as established or enters default judgment against the government, either ruling would likely narrow the scope of any disagreements the Court might need to resolve at the pretrial conference.

In the interest of judicial economy, Petitioners therefore ask the Court (1) to stay the September 8, 2020 deadline for filing a proposed pretrial order and to postpone the September 16, 2020 pretrial conference pending the Court's resolution of their anticipated motion for sanctions and (2) to set a deadline for filing a motion for a scheduling conference. Petitioners understand this will require the Court to modify the scheduling order, but it should not impact the scheduled January 2021 start date for the evidentiary hearings, assuming such hearings are still necessary. They ask the Court to find that good cause exists to justify such a modification based on the government's recent disclosure that it will not fully comply with this Court's discovery orders.[13]

---

[12] Such a ruling could also have implications for other motions pending before this Court, including Petitioners' motion for review of the June 4, 2020 order authorizing the government to conduct discovery (the Order), *see* Doc. 354, and the government's challenges to the assertions in Petitioners' privilege logs, *see, e.g.*, Doc. 355. After all, if the Court precludes the government from pursuing its defenses or opposing Petitioners' claims, there will be no basis for allowing the government to pursue discovery—even under the Order's at-issue test. *See, e.g.*, Doc. 230 at 7. And if there is no reason to allow the government to pursue its discovery requests, there will be no reason for the Court to decide what materials Petitioners may withhold as privileged or protected.

[13] *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (explaining that good cause exists to modify a scheduling order when the need for more time was neither foreseeable to, nor the fault of, the party requesting the modification).

## 3. Conclusion

Petitioners ask the Court to find that good cause exists to modify the scheduling order; to stay the September 8, 2020 deadline for filing a proposed pretrial order and to postpone the September 16, 2020 pretrial conference pending the Court's resolution of their anticipated motion for sanctions; and to set a deadline for filing a motion for a scheduling conference.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: melody_brannon@fd.org

s/ Kirk Redmond
KIRK C. REDMOND, #18914
First Assistant Federal Public
Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
kirk_redmond@fd.org

s/ Lydia Krebs
LYDIA KREBS, #22673
Research and Writing Specialist
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
lydia_krebs@fd.org

<u>CERTIFICATE OF SERVICE</u>

I certify that on 08/27/2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties and:

Stephen McAllister
United States Attorney
District of Kansas
stephen.mcallister@usdoj.gov

Duston Slinkard
First Assistant U.S. Attorney
Chief, Criminal Division
duston.slinkard@usdoj.gov


<u>s/ Melody Brannon</u>
MELODY BRANNON, #17612