UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

          Petitioners,

v.

United States of America,

          Respondent.

Case No. 19-cv-2491-JAR
THIS ORDER APPLIES TO ALL CASES

**ORDER TERMINATING SCHEDULING ORDER DEADLINES**

Under the scheduling order entered in these consolidated actions, a pretrial conference is scheduled for September 16, 2020, with the parties' proposed pretrial order due on September 8, 2020.[1] Petitioners have filed a motion to stay these deadlines in light of recent filings (ECF No. 545). The government takes no position on the request. The court finds good cause to amend the scheduling order and grants the motion.

Pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings, the court authorized petitioners to serve specific interrogatories and requests for production of documents on the government.[2] Petitioners served the approved discovery, and the government partially responded to the discovery by the July 1, 2020 response deadline. However, the government also filed a motion for a protective order, asking the court to

---

[1] ECF No. 127 at 4.

[2] ECF Nos. 79, 96, & 126.

1

excuse it from "undertak[ing] additional searches of electronically stored information in responding to the petitioners' approved discovery requests."[3]  On July 27, 2020, the court denied the government's motion, but extended the government's discovery response deadline to August 28, 2020.[4]  On August 20, 2020, the government filed a "Notice Of Intent Not To Provide Further Discovery," stating "the United States cannot and will not produce any further discovery in these related cases."[5]

Petitioners have indicated they intend to file a motion for the imposition of sanctions against the government based on the government's refusal to comply with the court's discovery orders.[6]  The sanctions petitioners are contemplating include the entry of default judgment against the government, designating certain facts as established, prohibiting the government from supporting or opposing certain claims or defenses, striking the government's responsive pleadings, and finding the government in contempt of court.[7]  The court's resolution of the anticipated motion, therefore, could significantly alter the course of this litigation and the contents of the pretrial order.  Good cause exists to modify the scheduling order.

---

[3] ECF No. 359 at 2.

[4] ECF No. 446 at 19.

[5] ECF No. 540 at 29.

[6] ECF No. 545 at 3.

[7] *Id.*

IT IS THEREFORE ORDERED that the motion to amend the scheduling order is granted and the deadlines therein for the pretrial conference and submission of the pretrial order are vacated. These deadlines will be reset after the court resolves petitioners' motion for sanctions.

IT IS FURTHER ORDERED that petitioners shall file their motion for sanctions by **September 15, 2020**. Any response shall be filed by **September 25, 2020**, and any reply shall be filed by **September 30, 2020**. The principal briefs shall be limited to ten, double-spaced pages. The reply brief shall be limited to five, double-spaced pages.

IT IS FURTHER ORDERED that by **September 8, 2020**, the government shall file a chart indicating which procedural and jurisdictional defenses (i.e. collateral-attack waiver, procedural default and waiver, time-barred, and/or lack of standing) it has asserted against which petitioners in its responses to the § 2255 motions and its motion for leave to file dispositive motions.

Dated September 2, 2020, at Kansas City, Kansas.

  s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge