### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: CCA RECORDINGS 2255 LITIGATION, | ) ) ) | **Case No. 19-cv-2491-JAR-JPO** |
| **Petitioners,** | ) ) ) | **This Document Relates to:** • **Case No. 16-cr-20041-JAR,** *United States v. Dehaven, et al*; |
| **v.** | ) ) | • **Case No. 18-cv-02474-JAR-JPO,** *Dehaven v. United States*; |
| **UNITED STATES OF AMERICA,** | ) ) | • **Case No. 18-cv-02413-JAR-JPO,** *Mebane v. United States*; |
| **Respondent.** _____ | ) ) ) | • **Case No. 19-cv-02400-JAR-JPO,** *Wright v. United States* |

### GOVERNMENT'S RESPONSE TO PETITIONERS' MOTION FOR SANCTIONS

The United States of America, by and through its counsel of record, hereby responds to Petitioners' Motion for Sanctions, Document 560 [hereinafter "Sanctions Motion"], as it pertains to the § 2255 motions filed by petitioners Jonathan Dehaven, Darus Mebane, and Brandon Wright. The Sanctions Motion is based on "United States' Notice of Intent Not to Provide Further Discovery," Document 540, filed by the United States Attorney for the District of Kansas on August 20, 2020. But, that government notice regarding discovery was not filed as to the § 2255 motions filed by petitioners Dehaven, Mebane, and Wright. The United States Attorney for the District of Kansas is recused from the cases involving these three petitioners. Instead, undersigned counsel has entered his appearance. Indeed, the notice regarding discovery that the Kansas United States Attorney's Office filed expressly states that the United States Attorney does not represent the government in the cases of these three petitioners. Document 540 at p. 30.

Significantly, none of the three petitioners at issue here—Dehaven, Mebane, and Wright—has shown "good cause" as required for discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings, and none has made any discovery requests. Despite this,

government counsel assigned to these petitioners' cases provided discovery to them on July 1, 2020, in response to the *Phommaseng* and *Kaba* discovery requests.  *See* Exhibit A.[1]  In doing so, the government made clear that it remained willing to entertain additional discovery requests pertaining to these three petitioners.  *Id.* at p. 3 ("If you have reason to believe that there may materials in the WDMO USAO possession responsive to one or more approved discovery requests other than the above-described request pertaining to 'taint review' documents, please let me know. I will take appropriate steps to check."); *id.* at p. 10 ("If you believe that any of the above responses are incomplete or you would like additional information or documentation, please let me know so that we can attempt to resolve any additional requests without litigation.").

None of these three petitioners sought any additional discovery from the government. Indeed, on August 28, 2020—*more than a week after the Kansas USAO filed its notice of intent not to produce further discovery*—government counsel in the cases involving these three petitioners sent an electronic mail message to the Federal Public Defender, with a copy to Mr. Guastello, confirming both (a) that "neither of the petitioners whom you [the Federal Public Defender] represent and whose cases are assigned to me instead of the United States Attorney's Office for the District of Kansas, namely Jonathan Dehaven and Darus Mebane, have made a motion for discovery or have requested discovery informally from the government in connection with their § 2255 motions," *see* Exhibit B; and (b) that "you have not notified me that my production was incomplete and have not sought further discovery from me, either formally or informally."  *Id.*  Government counsel in these cases further told petitioners' counsel that "[m]y

---

[1] The government addressed its letter regarding this discovery to Federal Public Defender Melody Brannon, whose office initially represented Dehaven, Mebane, and Wright in these proceedings, but who later withdraw from representation of Wright.  Accordingly, the government sent a copy of the letter, along with the associated discovery materials, to attorney David J. Guastello, who had recently entered his appearance on behalf of petitioner Wright.  *See* Exhibit A at p. 10.

offer to discuss with you any additional discovery based on the court-approved *Phommseng* and *Kaba* requests, or any informal requests by Dehaven or Mebane still stands." *Id.*  Although the Federal Public Defender responded to this message, *see* Exhibit C, neither she nor Mr. Guastello have requested any additional discovery from government counsel assigned to the § 2255 cases of these three petitioners.

In short, the basis for the Sanctions Motion—the USAO Kansas notice of an intent to not produce additional discovery—has no application to these three petitioners.  In their cases, the government has provided all of the discovery to which they were entitled, and has repeatedly invited requests for additional formal or informal discovery.  These petitioners have made no unfulfilled discovery requests to assigned government counsel.  Accordingly, there is no basis to issue any discovery-based sanctions in the cases involving these three petitioners.

In addition to the facts and arguments set out above, the government hereby joins in, adopts, and incorporates by reference all facts and arguments set out in the response filed by the United States Attorney for the District of Kansas to the petitioners' Sanctions Motion.

Respectfully submitted this 25th day of September, 2020.

Steven D. Clymer
Assistant United States Attorney
Special Attorney for the United States
NDNY Bar Roll #509281

United States Attorney's Office
900 Federal Building
100 South Clinton Street
Syracuse, NY 13261
315-448-0672
steven.d.clymer@usdoj.gov

**Certificate of Service**

I hereby certify that on the 25th day of September, 2020, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
United States Attorney's Office
Northern District of New York

4