# In the United States District Court
# for the District of Kansas

**In re: CCA Recordings 2255 Litigation**,

    Petitioners,

v.

    Case No. **19-cv-2491-JAR-JPO**
**(This Document Relates to Case Nos. No. 2:16-cr-20016-DDC-4,** *United States v. Juan Carlos Ramirez Gonzalez*, **and 2:20-cv-02476,** *Juan Carlos Ramirez-Gonzalez v. United States*).

**United States of America,**

    Respondent.

# Fact Sheet

| 1 | Petitioner | Ramirez-Gonzalez, Juan Carlos |
|---|---|---|
| 2 | **Date § 2255 was filed** | September 25, 2020 (original); October 9, 2020 (amended) |
| 3 | **Petitioner's counsel (underlying prosecution)** | Thomason, Mark |
| 4 | **AUSA (underlying prosecution)** | Rask, Scott; Hunt, Tristram; Ward, James |
| 5 | **Underlying conviction** | Conspiracy to distribute and to possess with intent to distribute more than 50 grams of methamphetamine |
| 6 | **Sentence** | 135 months |
| 6a |     **Date of Sentencing** | 9/24/2019 |
| 7 | **Petitioner's date of release from BOP** | 9/24/2025 |
| 8 | **Claim: Video/phone/both** | Video |

| 9 | Number of video recordings Petitioner claims | 3 |
|---|---|---|
| 9a | Dates of video recordings | 2/26/16; 3/8/16; 4/11/16 |
| 10 | Number of audio recordings Petitioner claims | n/a |
| 10a | Date range of audio recordings | n/a |
| 11 | Defense counsel phone numbers | n/a |
| 12 | Language spoken between Petitioner and attorney on recorded attorney-client calls | n/a |
| 13 | Language of the preamble/warning on the recorded calls | n/a |
| 14 | Third parties involved in the recorded attorney-client calls; if yes, who? | n/a |
| 15 | Third parties present during video-recorded attorney-client meetings; if yes, who? | no |
| 16 | Petitioner has documentary evidence of USAO and/or law enforcement agencies requesting or obtaining CCA phone recordings (e.g. subpoena, email, USMS request form) | n/a |
| 17 | Government produced Petitioner's CCA recorded phone calls in the *Black* litigation (D.E. 572, 787) | n/a |
| 18 | Government has documentary evidence that Petitioner signed a "Monitoring of Inmate/Detainee Telephone Calls" intake form | n/a |
| 19 | Convicted by plea or trial | Plea |
|  | Date of plea or verdict | 5/17/19 |
|  | • If convicted by plea, did plea agreement include appellate and collateral attack waiver provision? | Yes |
|  | • If convicted by plea, was it a binding plea? | Yes |
|  | • If convicted by plea, did the government dismiss any counts that carried a mandatory consecutive penalty? | No |
|  | • If convicted by plea, did the government dismiss any counts with a higher mandatory minimum | No |

|    | penalty than the offense of conviction?[1] |          |
|----|---------------------------------------------|----------|
| 20 | **Petitioner filed a Rule 41 motion alleging Sixth Amendment violations** | Yes |
|    | • If yes, date of filing | 05/01/19 |
| 21 | **Date judgment entered** | 09/25/19 |
| 22 | **Defendant filed a direct appeal** | No |
|    | • If yes, date of Tenth Circuit mandate |   |
| 23 | **Petitioner previously filed a § 2255** | No |
| 24 | **Procedural defenses asserted by USAO** | Yes |
| 25 | **Privilege log produced by Petitioner** | Yes |
| 26 | **Does the Petitioner raise any additional claims independent of Sixth Amendment prosecutorial misconduct?** | Yes |

---

[1] This includes the government's dismissal of or agreement not to file a notice under 21 U.S.C. § 851 regarding one or more prior convictions that would have increased the defendant's statutory minimum penalty. *See* 21 U.S.C. § 841(b).