### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re: CCA Recordings<br>2255 Litigation**, | Case No. 19-cv-2491-JAR-JPO |
| Petitioners, | **(This Document Relates to All Cases.)** |
| **v.** | |
| **United States of America,** | |
| Respondent. | |

**GOVERNMENT'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION**

The government respectfully requests clarification and/or reconsideration of the Court's order permitting petitioners whose Sixth Amendment claims are based on audio recordings to submit a declaration on the topic of waiver rather than respond to the government's approved discovery requests, and its rulings on the government's requests for discovery related to its procedural-default and time-bar defenses. (Doc. 588 at 38-39, 41-43, 59.)

**I.     Relevant Background**

Under this umbrella case, the Court has consolidated roughly 100 petitions filed under 28 U.S.C. § 2255 in which the petitioners ask the Court to vacate their convictions and dismiss their charges with prejudice, or alternatively to reduce their sentences by half.  The petitioners claim that the government violated their Sixth Amendment rights by obtaining recordings of attorney-client communications.  The majority of the petitions are based on soundless video recordings of visitor meeting rooms at the detention facility where they were held pending trial, which the U.S. Attorney's Office for the District of Kansas obtained as part of a contraband-smuggling investigation.  Some of the claims are based on recordings of telephone calls petitioners made to their attorneys from the detention facility after receiving warnings that the calls may be recorded.

On January 17, 2019, petitioner Petsamai Phommaseng filed his first motion for leave to conduct discovery. (*Phommaseng*, No. 15-cr-20020-JAR-5, Doc. 584.) The government strenuously objected to his requests on the grounds that most of them were not related to his Sixth Amendment claims and because the requests were overly broad and unduly burdensome. (*Phommaseng* Doc. 593 at 33-55.) In response to Phommaseng's petition, the government submitted affidavits by the lead prosecutor on his cases and agents involved in his case stating that when Phommaseng was sentenced on August 16, 2017, they were not aware that Phommaseng's meetings with his attorney at Corrections Corporation of America ("CCA"), now CoreCivic, had been recorded and did not view any such recordings. (*Phommaseng* Docs. 597-1 through 597-5.) The affidavits also state that neither the lead prosecutor nor the agents involved were aware that any audio recordings of telephone calls made by Phommaseng from CCA contained communications between Phommaseng and his attorney. (*Id.*) On February 24, 2020, the Court granted in large part Phommaseng's first motion for leave to conduct discovery, over the government's objections and notwithstanding the affidavits already on file, which contradicted Phommaseng's unsworn allegations. (Doc. 79.) The finding of good cause in that order was the basis for Phommaseng's subsequent discovery requests (*see* Doc. 126), as well as one request by petitioner Mamoudou Kaba (*see* Doc. 96).

On May 4, 2020, the government filed a motion for leave to serve discovery under Rule 6 of the Rules Governing Section 2255 Proceedings and the procedure the Court had previously established. (Doc. 139.) Among the discovery requests the government sought leave to serve were interrogatories ("ROGs," Doc. 139-1), requests for production of documents ("RFPs," Doc. 139-2), and requests for admissions ("RFAs," Doc. 139-3) on various topics. One topic on which the government sought leave to serve discovery was whether a petitioner had a reasonable

expectation of confidentiality in the calls she or he placed from CCA. Specifically, the discovery requests related to that topic are: ROGs 12-15, 17-20 (Doc. 139-1 at 10-14); RFPs 11-15 (Doc. 139-2 at 5-6); and RFAs 1-7 (Doc. 139-3 at 2-4). The government also sought leave to serve discovery on the topic of when each petitioner became aware of the basis for her or his Sixth Amendment claim, which is essential to determining whether the petitioners' claims have been procedurally defaulted or are time barred. Specifically, the discovery requests related to that topic are: ROGs 12-15, 17-20, and 22-23 (Doc. 139-1 at 10-14), and RFPs 4, 11-15, and 18-19 (Doc. 139-2 at 4-6).

The Court concluded that "information relative to waiver is pertinent to the government's defense that petitioners cannot meet the 'protected attorney-client communication' element of their Sixth Amendment claims," and the Court "reject[ed] petitioners' argument that the government has not established good cause to conduct discovery on this issue." (Doc. 225 at 13.) To the extent the petitioners raised objections to the above-listed discovery requests, Chief Magistrate Judge O'Hara rejected those objections and permitted the government to serve discovery on the topics of waiver and the government's procedural-default and time-bar defenses. (Doc. 230 at 12, 16, 18-22.)

Petitioners asked the Court to review Judge O'Hara's decision granting in part the government's Rule 6 motion and authorizing it to serve most of its proposed discovery requests. (Doc. 354.) The Court found that both its earlier order (Doc. 225) and Judge O'Hara's order (Doc. 230) failed to apply the correct good-cause test. (Doc. 588 at 35.) Therefore, the Court reconsidered whether the government had shown good cause for discovery on a number of topics, including waiver of the attorney-client privilege at the time of the telephone-call recordings and the government's procedural-default and time-bar defenses. (*Id*. at 37-39.) The

3

Court concluded that "the government ha[d] demonstrated good cause for discovery on the topic of whether a petitioner had a reasonable expectation of confidentiality under the circumstances." (*Id*. at 42.)[1] But "instead of requiring petitioners to respond to the government's proposed discovery" on the topic of waiver (ROGs 12-15 and 17-20; RFPs 11-15 and RFAs 1-7), the Court sua sponte directed petitioners to "supplement the record under Rule 7 and provide declarations." (*Id*. at 43.) The Court stated:

> [P]etitioners with claims involving audio recordings of phone calls from CCA will be expected to supply a sworn statement setting forth the factual details in support of their assertion that the phone calls meet the "protected attorney-client communication" element of their claims. This sworn statement . . . should specifically address each call detailed in the PLs including, but not limited to, details addressing the government's waiver argument as set forth in its responses.

(*Id*. at 59.)

With respect to the government's discovery requests related to its procedural-default and time-bar defenses, the Court sustained the "petitioners' objection . . . on the topic of procedural defenses," at least in part because it "intend[ed] to order petitioners to supplement the record under Rule 7 of the Rules Governing Section 2255 Proceedings." (*Id.* at 39.)

**II.      Standard for Reconsideration**

Pursuant to Local Rule 7.3(b), a motion for reconsideration of a non-dispositive order, must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Local Rule 7.3(b). "A losing party should not use a motion for reconsideration as a vehicle to rehash arguments previously considered and rejected." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp.

---

[1] However, the Court denied discovery on the topic of "after-the-fact disclosures," finding that the government failed to satisfy the good-cause test. (*Id*.)

4

1482, 1483 (D. Kan. 1994). In part, the government seeks clarification of the Court's order (Doc. 588), but to the extent the government seeks reconsideration, it does so to correct clear error and to prevent manifest injustice.

### III. Argument

#### A. The government's discovery requests with respect to waiver

The government respectfully seeks clarification and/or reconsideration of the Court's order, which, while finding that the government established good cause under Rule 6(a) of the Rules Governing Section 2255 Proceedings on the topic of a petitioner's reasonable expectation of confidentiality in calls made from CCA, did not order the petitioners to respond to any of the government's discovery requests on this topic. The relevant requests are ROGs 12-15 and 17-20, RFPs 11-15, and RFAs 1-7. (Docs. 139-1 through 139-3.)[2] Instead, the Court directed each petitioner asserting an audio claim to file a declaration addressing the waiver argument the government makes in its § 2255 responses. (Doc. 588 at 59.)

In doing so, the Court clearly erred for at least three reasons. First, and most fundamentally, the Court clearly erred by finding that the government has good cause to serve certain discovery requests, but then effectively denying the government leave to serve the requests by relieving the petitioners of any obligation to respond to the proposed requests. Rule 6(a) of the Rules Governing Section 2255 Proceedings states that "good cause" is the standard for obtaining leave to serve discovery. And the Court itself has said, in ruling on Phommaseng's first motion for leave to serve discovery, that a "court abuses its discretion by denying discovery

---

[2] Prior to filing this motion for reconsideration, the government conferred with the FPD regarding discovery petitioners planned to provide to the government. The FPD advised that the petitioners will respond to a number of the government's discovery requests, but that they do not intend to respond to ROGs 12-15 and 17-20, RFPs 11-15, and RFAs 1-7.

once a good-cause showing is made since 'it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" (*Phommaseng* Doc. 608 at 18 (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)).) Under the Rule 6 standard and the analysis the Court has applied to the petitioners' discovery requests, the government asks the Court to require the petitioners to respond to the government's discovery requests related to waiver, which are listed above.

Second, the Court clearly erred by vacating Judge O'Hara's decision granting the government leave to serve these requests without reason. The government understands that the Court has now decided to apply a different good-cause standard than the one it and Judge O'Hara applied when initially considering the government's motion for leave to serve discovery, but the Court has now found that the government has satisfied the new good-cause standard as to its requests regarding waiver related to petitioners' call claims. There is no reason, then, to vacate Judge O'Hara's decision requiring the petitioners to respond to the government's proposed discovery requests. Where, as here, a party seeks review of a non-dispositive pretrial matter, the district court applies a "deferential standard by which the moving party must show that the magistrate judge's order is 'clearly erroneous or contrary to the law.'" *Fish v. Kobach*, No. 16-2105, 2017 WL 1929010, at *2 (D. Kan. May 10, 2017) (quoting *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000)). Given that the Court has affirmed Judge O'Hara's decision with respect to whether the government can serve the proposed discovery requests, there appears to be no basis for determining that his directing the petitioners to respond to the discovery requests was clearly erroneous or contrary to law.

Third, if the reason for relieving the petitioners of the obligation to respond to the government's discovery requests is rooted in the Court's discretion to limit discovery requests to

those that are "appropriately narrow" under Rule 6(b) (*see Phommaseng* Doc. 608 at 18), the Court provided no explanation for why the government's requests were not appropriately narrow, or why an affidavit from the petitioners would be an appropriate means of responding to the government's requests, especially in light of the fact that the government had submitted affidavits in response to Phommaseng's petition that responded to (and obviated) many of the discovery requests this Court later granted him leave to serve. Even if an affidavit were an appropriate means of responding to the government's interrogatories and requests for admission, the government submits that an affidavit cannot substitute for the documents the government requested in its requests for production.

In any event, by failing to even consider and apply Rule 6(b), the Court clearly erred. The government has established that its requests on the waiver issue are relevant and appropriately narrow. (Doc. 139 at 4-5; Doc. 180 at 1-4; Doc. 410 at 5-6, 23, 27.) Judge O'Hara agreed. (Doc. 230 at 12, 16, 18-22.) The government requests that the Court reconsider its decision and direct the petitioners asserting audio claims to respond to the government's discovery requests on that topic—ROGs 12-15 and 17-20; RFPs 11-15; and RFAs 1-7.

If the Court intended that the petitioners respond to the government's ROGs 12-15 and 17-20, as well as RFAs 1-7, in the sworn statement discussed on page 59 of the Court's order, the government respectfully asks that the Court enter an order making that clear. The government does not object to this procedure, as long as each petitioner provides a separate sworn statement that identifies the request number for each discovery request (ROGs 12-15 and 17-20, and RFAs 1-7), and provides a separate response to each request.

In addition, the government requests that the Court direct the petitioners to respond to RFPs 11-15, by providing responsive documents, as that term is defined in the government's

7

request for production of documents (Doc. 139-2 at 3).  The sworn statement that the Court directed the petitioners to submit on the issue of waiver (Doc. 588 at 59, 61) is insufficient to satisfy the government's discovery requests on the topic of waiver and should not serve as a substitute for the discovery that the government is entitled to serve.  The affidavits of prosecutors that the government submitted with each § 2255 response did not release the government from its obligation to produce discovery on topics addressed by the prosecutors in their affidavits (*e.g.*, whether they watched or listened to recordings between the petitioner and counsel that took while the petitioner was detained at CCA).  Similarly, a petitioner's sworn statement on the topic of waiver is not a substitute for the discovery the government has requested on this topic.

> **B.    The government's discovery requests with respect to its procedural-default and time-bar defenses**

With respect to the government's discovery requests regarding its procedural-default and time-bar defenses, the government respectfully requests clarification regarding what the petitioners must provide "to supplement the record under Rule 7 of the Rules Governing Section 2255 Proceedings" with respect to these defenses.  (Doc. 588 at 39.)  The only directive to the petitioners to supplement the record in response to the government's discovery requests states that "petitioners asserting audio recording claims shall supplement the record with affidavits on the issue of waiver as set forth above."  (Doc. at 61.)  That directive does not mention or appear to have any relation to the government's discovery requests related to its procedural-default and time-bar defenses.  Therefore, the government respectfully requests that the Court clarify what it meant when it said that if "any further evidence is needed on" the government's procedural-default and time-bar defenses, it "intends to order petitioners to supplement the record under Rule 7 of the Rules Governing Section 2255 Proceedings."  (Doc. 588 at 39.)

8

However, anything less than requiring each petitioner to respond to the government's proposed discovery requests regarding its procedural-default and time-bar defenses would be clear error. Even under the Court's new good-cause standard, under which the Court places greater emphasis on identifying evidence that indicates that information supporting the government's allegations likely exists (Doc. 588 at 35), the government has shown good cause. As the Court notes, the government has set forth in its responses to the petitions the publicly available facts that indicate the petitioners and/or their counsel knew or should have known of the basis of the petitioners' Sixth Amendment claims more than a year before their petitions were filed. This is more than sufficient to show that the petitioners have additional evidence that indicates when they knew or should have known the factual basis for their claims. The Court suggests that because the government provided this information after it filed its motion for leave to serve discovery that it should be ignored. (*See* Doc. 588 at 38.) But the Court did not ignore the declarations attached to the petitioners' replies after the government filed its motions challenging their privilege logs as being deficient in part because they lacked sworn statements by defense counsel. (*Id.* at 24.) Instead, the Court accepted those declarations as satisfying the petitioners' clear obligation to provide them with the privilege logs earlier. The Court should afford the government the same treatment.

The Court also stated that the publicly available information the government relied on to support its procedural-default and time-bar defenses in its responses "belie[s] the government's request that discovery is needed in order to respond to petitioners' claims." (*Id.* at 38.) This criticism, however, is in tension with the new good-cause standard the Court adopted, which places additional emphasis on producing evidence that the information the government seeks is likely to exist. It also puts the government in a Catch-22, requiring the government to provide

9

evidence that indicates the information it seeks to support its allegations exists in order to comply with the Court's good-cause standard, but then denying the government's requests because it produced the information.  More problematic still is the fact that the petitioners, through their counsel, have developed evidence related to the petitioners' claims for years, and yet the seven productions totaling nearly 30 gigabytes of information the government had already provided (*see* Doc. 540 at 8), did not bar any of the petitioners' proposed discovery requests.

As stated above, if the Court intended that the petitioners respond to the government's ROGs 12-15, 17-20, and 22-23 in the sworn statement discussed on page 59 of the Court's order, the government respectfully asks that the Court enter an order making that clear.  The government does not object to this procedure, as long as each petitioner provides a separate sworn statement that identifies the request number for each discovery request (ROGs 12-15, 17-20, and 22-23), and provides a separate response to each request.

In addition, for the same reasons stated above, the government requests that this Court direct the petitioners to respond to RFPs 4, 11-15, and 18-19, by providing responsive documents, as that term is defined in the government's request for production of documents (Doc. 139-2 at 3).  The sworn statement that this Court directed the petitioners to submit on the issue of waiver (Doc. 588 at 59, 61) is insufficient to satisfy the government's discovery requests related to its procedural-default and time-bar defenses and should not serve as a substitute for the discovery that the government is entitled to serve.

At the very least, every petitioner whose judgment of conviction became final more than one year before their petition was filed should be required to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar [their] motion."  Form, Motion to

10

Vacate Set Aside or Correct Sentence by a Person in Federal Custody (28 USC 2255), http://ksd.uscourts.gov/wp-content/uploads/2015/10/Motion-to-Vacate-Set-Aside-or-Correct-Sentence-by-a-Person-in-Federal-Custody-28-U.S.C.-2255.pdf.  This is required by both Rule 2(c) of the Rules Governing Section 2255 Proceedings and by Local Rule 9.1(a).  Yet most if not all petitioners who filed their petition more than one year after their judgment of conviction became final have not provided such a statement.

## Conclusion

The government respectfully requests that the Court clarify and/or reconsider its order (Doc. 588) as set forth above.

Respectfully submitted,

s/ Stephen R. McAllister
Stephen R. McAllister, #15845
United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
Tel: (913) 551-6730
stephen.mcallister@usdoj.gov

s/ Duston J. Slinkard
Duston J. Slinkard, #21294
First Assistant United States Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683-3592
Tel: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

s/ Carrie N. Capwell
Carrie N. Capwell, #78677
Assistant United States Attorney
District of Kansas
500 State Ave., Suite 360

Kansas City, KS 66101
Tel: (913) 551-6730
Fax: (913) 551-6541
carrie.capwell@usdoj.gov


Attorneys for the United States in the
consolidated cases except for
*DeHaven v. United States*, No. 18-cv-2474,
*Mebane v. United States*, No. 18-cv-2413,
*Wright v. United States*, No. 19-cv-2400

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the above-captioned case.

s/ Carrie N. Capwell