IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**In re: CCA Recordings**
**2255 Litigation**,

               Petitioners,

**v.**

**United States of America,**

               Respondent.

Case No. 19-cv-2491-JAR-JPO

(This Document Relates to All Cases.)

**MOTION REQUESTING COMPLIANCE WITH RULES REQUIRING ALL
28 U.S.C. § 2255 PETITIONS TO BE SIGNED UNDER PENALTY OF PERJURY**

The United States of America respectfully requests that the Court require every petition in these consolidated 28 U.S.C. § 2255 cases to be signed by the petitioner, or by a person authorized to sign for the petitioner, under penalty of perjury, as D. Kan. Rule 9.1(a)(2) and Rule 2 of the Rules Governing Section 2255 Proceedings require. This is a threshold and indispensable requirement without which the Court cannot consider a petition. Yet none of the petitions or amended petitions filed by the petitioners through counsel comply with the rules.

In early October of this year, it came to government counsel's attention that D. Kan. Rule 9.1(a)(2) and Rule 2 of the Rules Governing Section 2255 Proceedings require § 2255 petitions to be signed under penalty of perjury. D. Kan. Rule 9.1(a)(2) provides that "motions to vacate sentence pursuant to 28 U.S.C. § 2255" "must be in writing, signed, and verified (meaning sworn under penalty of perjury)." Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings requires § 2255 petitions to "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."

Upon further review, government counsel discovered that none of the petitions, or amendments or supplements thereto, filed by the petitioners through counsel in the consolidated

cases comply with that requirement.  On October 21, 2020, government counsel brought this issue to the attention of the Federal Public Defender (FPD), which serves as counsel for most of the petitioners.  The FPD stated that it does not intend to comply with the requirement that all § 2255 petitions be signed under penalty of perjury.  Instead, the FPD responded that (1) the signature requirement is not jurisdictional and the government has waived any argument with respect to it; and (2) signatures by court-appointed counsel as officers of the court "satisfy the spirit of Rule 2(b)(5)."  Both of these arguments are misplaced.

The failure of petitioners to sign their 2255 petitions under penalty of perjury, or for an authorized representative to sign it for them under penalty of perjury, is a requirement that neither the parties nor the Court can dispense with.  *See United States v. Hagan*, No. 07-10180, 2011 WL 720808, at *2 (D. Kan. Feb. 22, 2011).  This requirement is imposed by the Court, enforced by the Court, and cannot be waived.  *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1069-71 (7th Cir. 2006)); *Hagan*, 2011 WL 720808, at *1 (sua sponte enforcing the requirement that a § 2255 petition be signed under penalty of perjury).

In *Guerrero*, the defendant "filed an unverified memorandum in support of his verified § 2255 motion."  488 F.3d at 1314.  In the unverified "memorandum, he asserted a claim not included in the motion: that his counsel was ineffective for failing to file an appeal at his request."  *Id.*  The district court rejected that claim on the merits.  *Id.* at 1314-15.  On appeal, the government argued for the first time that because "the allegation in question was not made under oath, as required by Rule 2(b)(1)(5) of the Rules Governing Section 2255 Proceedings," the district court did not err in rejecting the defendant's ineffective assistance of counsel claim without an evidentiary hearing.  Mem. Br. at 8, *United States v. Guerrero*, No. 05-3299 (10th

Cir. Oct. 31, 2006); *see also* Gov't Resp. to Def.'s Mot. Pursuant to 28 U.S.C. § 2255 (Doc. 190), *United States v. Guerrero*, No. 03-10038-02 (D. Kan. Feb. 23, 2005), 2005 WL 6197600. The Tenth Circuit agreed with the government that "because the amended claim was included in an unverified memorandum, it . . . fail[ed] to comply with the procedural requirements of § 2255 Rule 2(b)," even though the government had not so argued below. *Id.* at 1316. Instead of reaching the merits, which it could have done if the requirement of signing a § 2255 petition under penalty of perjury were waivable, the Court vacated the district court's decision and remanded the case with instructions directing the district court to give the defendant "the opportunity to file an amended § 2255 motion including the claim for ineffective assistance of counsel for failure to file an appeal." *Id.* at 1317. This published and binding decision of the Tenth Circuit clearly instructs that a § 2255 petitioner (or an authorized representative) *must* sign his or her petition under penalty of perjury, and cannot maintain a claim unless it is so verified and supported by verified allegations.

      The requirement that every petition be signed under penalty of perjury is strictly enforced for good reason. The claim that a constitutional violation has occurred "is a grave one" that could "damage seriously the professional reputation of counsel and disrupt the finality of a most serious undertaking: vindication of the public justice through a criminal conviction." *Kafo*, 467 F.3d at 1069. Thus, "the rules sensibly require some threshold showing, however minimal, of an *evidentiary* basis *before requiring a district court to undertake the task of evaluating the allegations and determining whether relief is warranted*." *Id.* (emphasis added). "[U]nverified allegations are insufficient to invoke the process of collateral attack on a final federal criminal conviction." *Id.* at 1071; *accord United States v. Gonzalez*, 493 F. App'x 541, 544 (5th Cir.

3

2012) (unpublished) (a defendant's unsworn allegations do not bear sufficient indicia of reliability to be considered by the court).

The signatures of court-appointed counsel as officers of the court satisfy neither the plain text nor "the spirit of Rule 2(b)(5)." The text of Rule 2(b)(5) could not be clearer: Every § 2255 petition "must . . . be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." That is, whether it is signed "by the movant" or "by a person authorized to sign it for the movant," it "must . . . be signed under penalty of perjury." None of the petitions, or amendments or supplements thereto, filed by the petitioners through counsel in this consolidated case have been signed by anyone under penalty of perjury.[1] That should be the end of the Court's inquiry into what the rule means or requires; where the text is clear, the Court's "job is at an end." *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1749 (2020). Any lurking "spirit" must give way to the plain text.

In any event, the signatures of petitioners' counsel—not under penalty of perjury on behalf of their clients—also violates the "spirit" of Rule 2(b)(5). Petitions under § 2255 by definition ask courts to vacate some aspect of a final judgment in a criminal case. 28 U.S.C. § 2255(a), (b). That relief is "extraordinary," and not lightly granted. *United States v. Timley*,

---

[1] While Rule 2(b)(5) permits a § 2255 petition to be signed under penalty of perjury by a "person authorized to sign it for the" petitioner, the Committee Notes on the 2004 Amendment to Rule 2, citing *Whitmore v. Arkansas*, 495 U.S. 149 (1990), state that the "Committee envisions that the courts would apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the motion on behalf of the movant." *Whitmore* explained that there are "at least two firmly rooted prerequisites" to being a "'next friend,'" and they are: (1) "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." 495 U.S. at 163. "[I]t has been further suggested that a "next friend" must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.*

No. 07-40031-01-JAR, 2016 WL 6948060, at *3 & n.31 (D. Kan. Nov. 28, 2016) (quoting *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003)).  In every case, the judgment under attack was entered based on competent evidence.  In these cases, the vast majority of the petitioners pleaded guilty; that is, they admitted their guilty to a judge under oath and under penalty of perjury.  *See* Fed. R. Crim. P. 11(b)(1); *see also United States v. Aparicio*, 214 F. App'x 866, 868 (10th Cir. 2007).  It makes sense, then, that any challenge to the criminal judgment would have to be based on like evidence, and not mere allegations, which are not evidence.  The signature-under-penalty-of-perjury requirement is "not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein become evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient *threshold* showing has been made to warrant further proceedings."  *Kafo*, 467 F.3d at 1068 (emphasis added).

The fact that the petitioners' counsel signed the § 2255 petitions does not make the allegations in the petition evidence.  Indeed, treating the statements of counsel as evidence would be contrary to well-established law that statements of counsel are not evidence, *see Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992); *Mason v. United States*, 408 F.2d 903, 907 (10th Cir. 1969), and could raise ethical issues by making the petitioners' counsel witnesses in each petitioner's case, *see* Kansas Rule of Professional Responsibility 3.7.  In sum, the signatures of petitioners' counsel, not under penalty of perjury, does not comply with the text or "spirit" of Rule 2(b)(5).

As a practical matter, it is important for this Court to require the petitioners to comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings and sign their petitions under penalty of perjury in order to protect this Court's orders from later challenge based on

5

noncompliance with Rule 2(b)(5) by a petitioner or the government, and to avoid delays in any appellate proceedings that might follow any rulings by this Court.  *See Guerrero*, 488 F.3d at 1316-17.  If the Court does not require compliance now, the Tenth Circuit, under *Guerrero*, will have do to so later.

The fact that the petitioners have proceeded this far on undeniably deficient petitions is yet another unfortunate symptom of the general failure to adhere to the rules and regular order in each of the consolidated § 2255 cases.  *See, e.g.*, Doc. 540 at 15-20 (describing ways in which these proceedings violate 28 U.S.C. § 2255 and the Rules Governing Section 2255 Proceedings); Doc. 570 at 2 (same).  The petitioners' failure to sign their petitions (either personally or by authorized representative) under penalty of perjury cannot be ignored or excused, and must be rectified.  "For this court to consider a motion pursuant to section 2255, the defendant must swear or affirm to the motion."  *Hagan*, 2011 WL 720808, at *2.

There are two ways to address the deficient petitions.  Under D. Kan. Rule 9.1(i), the "clerk may return a petition, motion, or complaint that does not comply with th[e] rule."  The advisory committee notes to the 2004 amendments to the Rules Governing Section 2255 Proceedings state that the "better procedure [is] to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b)."  Either way, the deficiencies must be corrected before the cases can proceed.  Adhering to this requirement is not optional, but it is particularly important in these cases given how many of the petitions are "meritless."  *See United States v. Steele*, No. 14-cr-40071, 2020 WL 5819680, at *1 (D. Kan. Sept. 30, 2020); Doc. 474 at 1-6; Doc. 570 at 5-6 & n.5; Doc. 581.  If the Court opts to leave the defective petitions on file and require the petitioners to submit corrected petitions, rather than dismissing the petitions not signed under penalty of perjury, these proceedings will need to be

stayed or the cases held in abeyance while the petitioners do so. Though the petitioners may chafe at any delay, the delay is their own doing.

Finally, while the government acknowledges that the petitioners may be permitted to file corrected petitions signed under penalty of perjury, this does not create an open season for amending any other aspect of their petitions. *See Mayle v. Felix*, 545 U.S. 644, 657 (2005); *Guerrero*, 488 F.3d at 1316; *United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019). Any petitioner seeking to amend a petition to which the government has responded must file a motion for leave to amend that complies with the requirements of D. Kan. Rule 15.1, and the government must be provided an opportunity to respond. *See Roe*, 913 F.3d at 1296 & n.14; Fed. R Civ. P. 15(a)(3). Even if a petitioner files a corrected petition—i.e., one that is signed under penalty of perjury—that does not mean the petitioner is entitled to discovery or an evidentiary hearing; it merely clears the way for the Court to dismiss the petition for any of the many reasons the government has already provided.

The United States of America respectfully requests that the Court require every petition, or amendment or supplement thereto, in these consolidated 28 U.S.C. § 2255 cases to be signed by the petitioner, or by a person authorized to sign for the petitioner, under penalty of perjury, as D. Kan. Rule 9.1(a)(2) and Rule 2 of the Rules Governing Section 2255 Proceedings require.

    Respectfully submitted,

    s/ Stephen R. McAllister
    Stephen R. McAllister, #15845
    United States Attorney
    District of Kansas
    500 State Ave., Suite 360
    Kansas City, KS 66101
    Tel: (913) 551-6730
    Fax: (913) 551-6541
    stephen.mcallister@usdoj.gov

s/ Duston J. Slinkard
Duston J. Slinkard, #21294
First Assistant United States Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS 66683-3592
Tel: (785) 295-2850
Fax: (785) 295-2853
duston.slinkard@usdoj.gov

s/ James A. Brown
James A. Brown #14254
Assistant United States Attorney
444 SE Quincy Ave., Ste. 290
Topeka, KS 66683
Tel: (785) 295-7683
Fax: (785) 295-2853
James.Brown2@usdoj.gov

s/ Carrie N. Capwell
Carrie N. Capwell, #78677
Assistant United States Attorney
District of Kansas
500 State Ave., Suite 360
Kansas City, KS 66101
Tel: (913) 551-6730
Fax: (913) 551-6541
carrie.capwell@usdoj.gov

Attorneys for the United States in the consolidated cases except for *DeHaven v. United States*, No. 18-cv-2474, *Mebane v. United States*, No. 18-cv-2413, *Wright v. United States*, No. 19-cv-2400

s/ Steven D. Clymer
Steven D. Clymer
Assistant United States Attorney
Special Attorney for the United States
NDNY Bar Roll #509281

United States Attorney's Office
Northern District of New York
900 Federal Building

100 South Clinton Street
Syracuse, NY 13261
(v) 315-448-0672
(f) 315-448-0658

Attorney for the United States in
*DeHaven v. United States*, No. 18-cv-2474,
*Mebane v. United States*, No. 18-cv-2413,
*Wright v. United States*, No. 19-cv-2400

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in the above-captioned case.

s/ Carrie N. Capwell
Carrie N. Capwell, #78677
