# In the United States District Court
# For the District of Kansas

**In re: CCA Recordings 2255 Litigation**
    Petitioners,

v.

**United States of America,**
    Respondent.

**Case No. 2:19-cv-2491**
**(This Documents Relates to All Cases)**

## Motion for Order to Show Cause

The government says Rule 2's signature requirement is jurisdictional.[1] If so, then the government's November 6, 2020 motion to enforce that requirement is an untimely, overlong, and unauthorized supplement to the government's recent jurisdictional filing.[2] Alternatively, the government says Rule 2's signature requirement constitutes a nonjurisdictional-but-nonwaivable bar to § 2255 relief.[3] If so, then the government's November 6, 2020 filing is an untimely and unauthorized dispositive motion.[4] Petitioners therefore ask the Court to order the government to show cause why the Court should not strike the government's November 6, 2020 motion to enforce Rule 2's signature requirement.

### 1. Relevant Procedural History

The government's deadline for seeking leave to file dispositive motions was July 31, 2020.[5] The government made no mention of Rule 2's signature requirement in

---

[1] Doc. 603 at 8.
[2] Doc. 605; *see* Rule 2(b)(5), Rules Governing § 2255 Proceedings ("The motion must . . . be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."); *see also* Doc. 588 at 60–62.
[3] Doc. 605 at 2, 3, 6.
[4] *See* Doc. 588 at 60–62.
[5] Doc. 381.

1

either of its timely motions for leave.[6] Nor did it mention that requirement in its September 8, 2020 chart or in its October 7, 2020 letter.[7]

On October 15, 2020, this Court denied the government leave to file its proposed dispositive motions. But it authorized the government to supplement its responses to Petitioners' 28 U.S.C. § 2255 motions with any jurisdictional defenses the government wished to raise.[8] In doing so, the Court "caution[ed] the government" to "strictly limit[]" its supplemental response to true jurisdictional arguments, warning that "any additional or tangential arguments" would "not [be] well-taken and will be stricken."[9]

The government filed its supplemental jurisdictional response on October 29, 2020.[10] Among other things, the government asserted that Petitioners' failure to comply with Rule 2's signature requirement deprives them of constitutional standing and deprives the Court of subject-matter jurisdiction.[11] Twelve days later, and without seeking leave, the government filed its November 6, 2020 motion to enforce Rule 2's signature requirement. According to that motion, Petitioners "cannot maintain"—and this Court cannot consider or grant—Petitioners' § 2255 motions unless Petitioners sign those motions under penalty of perjury.[12]

---

[6] Doc. 473; Doc. 474.
[7] Doc. 552-1; Doc. 581-1.
[8] Doc. 588 at 1, 60–62.
[9] *Id.* at 61.
[10] Doc. 603.
[11] *Id.* at 8.
[12] Doc. 605 at 3; *see id.* at 6.

## 2. Arguments and Authorities

The government's primary position is that Rule 2's signature requirement is jurisdictional.[13] If the government is correct, then its arguments on this point were due on October 29, 2020, and were to be confined (along with the government's other jurisdictional objections) to a single 20-page filing.[14] Thus, to the extent Rule 2's signature requirement is jurisdictional, the government's November 6, 2020 motion constitutes an untimely, overlong, and unauthorized supplement to its October 29, 2020 submission.[15]

Alternatively, the government says that even if Rule 2's signature requirement isn't jurisdictional, a petitioner's failure or refusal to comply with that requirement nevertheless precludes the petitioner from maintaining—and precludes this Court from considering or granting—the petitioner's § 2255 motion. In other words, the government asserts that unless Petitioners cure any alleged Rule 2 defects in their § 2255 motions, the Court will ultimately have no choice but to dismiss or deny those motions.[16]

---

[13] Doc. 603 at 8.

[14] Doc. 588 at 61–62.

[15] *See* Doc. 603; Doc. 605; Doc. 588 at 61–62 (stating that "no further briefs" addressing the government's jurisdictional arguments would "be permitted").

[16] *See* Doc. 605 at 2, 3, 6 (asserting that Rule 2's signature requirement "cannot be waived"; insisting that a petitioner "cannot maintain a claim" under § 2255 if the petitioner fails to comply with Rule 2's signature requirement; arguing that a petitioner's failure to comply with that requirement precludes the Court from "consider[ing]" the petitioner's § 2255 motion; insisting that "[a]dhering to this requirement is not optional"; stating that the Court lacks discretion to "ignore[] or excuse[]" this defect). *But see Hem v. Maurer*, 458 F.3d 1185, 1201 n.6 (10th Cir. 2006) ("In its return to [the petitioner's] habeas corpus petition, the Government asked that the petition be dismissed because only [the petitioner's] counsel signed the petition. We are not obligated, however, to dismiss the petition, and decline to do so." (citation omitted)); *Ferrara v. United States*, 456 F.3d 278, 295 & n.14 (1st Cir. 2006) ("Although the petitioner did not follow this format—his attorney signed the application on his behalf—the case law makes manifest that the absence of a habeas petitioner's signature does not preclude the district court, in its discretion, from exercising jurisdiction over the

If the Court directs Petitioners to respond to the merits of the government's November 6, 2020 motion, Petitioners are prepared to demonstrate that the failure to comply with Rule 2's signature requirement need not be dispositive of any § 2255 motion, least of all the ones at issue here. But before they do, Petitioners ask the Court to determine whether the government is authorized to argue otherwise in the first place.

The government neither filed a timely motion for leave to raise this purportedly dispositive issue nor sought leave to do so out of time.[17] Further, the Court denied the government's motion to advance even those dispositive arguments the government did timely seek leave to pursue.[18] Finally, although the Court authorized the government to brief any jurisdictional objections it wished to raise, the Court "strictly limited" this authorization to true jurisdictional arguments.[19] Thus, to the extent the government now asserts that Rule 2's signature requirement constitutes a nonjurisdictional-but-nonwaivable bar to considering Petitioners' § 2255 motions, its November 6, 2020 motion appears to advance the type of

---

petitioner's claims. In other words, the district court could have declined to consider the petition until this procedural defect was corrected, but it was free to proceed despite the defect." (footnote and citations omitted)); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) ("Preliminarily, the respondents contend that the district court was without jurisdiction to consider [the petitioner's] petition because, although the petition was signed by [his] counsel, it was not signed and verified by [him] . . . The respondents cite no authority for the proposition that it is reversible error for the district court to address the merits of an unverified petition. The district court may refuse to file, or may dismiss, an unsigned and unverified petition. However, the defect is one that the district court may, if it sees fit, disregard." (citations omitted)).

[17] Doc. 381; Doc. 473; Doc. 474; *see also* Doc. 552-1; Doc. 581-1.

[18] Doc. 588 at 1, 61.

[19] *Id.* at 61.

"additional or tangential arguments" the Court denied the government leave to raise and warned the government the Court would strike.[20]

## 3. Conclusion

Either Rule 2's signature requirement is jurisdictional or it's not. If it is, then the government's November 6, 2020 motion is an untimely, overlong, and unauthorized supplement to its October 29, 2020 filing. If it's not, then the government's November 6, 2020 submission is an unauthorized dispositive motion that the government is out of time to seek leave to file. Petitioners therefore respectfully ask the Court to direct the government to show cause why the Court should not strike its November 6, 2020 motion.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: melody_brannon@fd.org

s/ Kirk Redmond
KIRK C. REDMOND, #18914
First Assistant Federal Public
Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
kirk_redmond@fd.org

---

[20] *Id.* ("[A]ny additional or tangential arguments are not well-taken and will be stricken.").

                                      s/ Lydia Krebs
                                      LYDIA KREBS, #22673
                                      Research and Writing Specialist
                                      117 SW 6th Avenue, Suite 200
                                      Topeka, KS 66603-3840
                                      Phone: 785/232-9828
                                      Fax: 785/232-9886
                                      lydia_krebs@fd.org

## CERTIFICATE OF SERVICE

       I certify that on 11/11/2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties and:

    Stephen McAllister
    United States Attorney
    District of Kansas
    stephen.mcallister@usdoj.gov

    Duston Slinkard
    First Assistant U.S. Attorney
    Chief, Criminal Division
    duston.slinkard@usdoj.gov

                                        s/ Melody Brannon
                                      MELODY BRANNON, #17612