**In the United States District Court
for the District of Kansas**

---

**In re: CCA Recordings 2255 Litigation**,
                              **Petitioners,**

**v.**
                                        **Case No. 19-cv-2491-JAR-JPO**
                                        **(This Document Relates to All Cases)**

**United States of America,**
                              **Respondent.**

---

## ORDER DENYING PETITIONERS' MOTION FOR AN ORDER TO SHOW CAUSE

This matter is before the Court on Petitioners' Motion for an Order to Show Cause (Doc. 608) asking the Court to direct the government to show cause why the Court should not strike the government's November 6, 2020 Motion Requesting Compliance with Rules Requiring all 28 U.S.C. § 2255 Petitions to be Signed Under Penalty of Perjury.[1] The government contends that petitioners must comply with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires § 2255 motions to be filed under penalty of perjury by the movant or an authorized person on movant's behalf. Petitioners contend the rule is not jurisdictional and that the government's motion should be stricken as an unauthorized and untimely dispositive motion or jurisdictional challenge.

While the Court shares Petitioners' frustration with the government's eleventh-hour request—filed by seasoned habeas litigators well over a year into this consolidated litigation after filing responses and supplemental responses raising myriad procedural and merits defenses

---

[1] Doc. 605.

1

to Petitioners' § 2255 motions—it nevertheless cannot effectively ignore the request for compliance with Rule 2(b)(5) once invoked.  Indeed, the government raised the issue briefly in the supplemental jurisdictional briefing authorized by the Court; petitioners also briefly responded to the Rule 2(b)(5) issue prior to filing the instant motion.[2]  The government's request is not a dispositive motion, as it does not seek outright dismissal of the unsigned § 2255 motions, but rather, the "better procedure" requiring that petitioners be given an opportunity to cure the defect.  As the government makes clear, this request for compliance will need to be considered either by this Court or on appeal and the Court thus affords Petitioners the full opportunity to respond.

Accordingly, in the interest of judicial economy, the Court **denies** petitioners' motion for a show-cause order (Doc. 608).  Petitioners shall respond to the government's motion for compliance with Rule 2(b)(5) on or before **December 4, 2020**; the response brief shall be limited to ten (10) pages and there will be no reply.

**IT IS SO ORDERED.**

Dated: November 24, 2020

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* Docs. 603 at 4; 610 at 18–20.

2