UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

In re: CCA Recordings 2255 Litigation,

        Petitioners,

v.                                             Case No. 19-cv-2491-JAR

United States of America,                      THIS ORDER APPLIES TO ALL CASES

        Respondent.

## **ORDER**

Petitioners have filed a motion asking the court to "protect" them from Fed. R. Civ. P. 33(b)'s requirement that interrogatory answers be signed by the party answering (ECF No. 626). Because the court finds this signature requirement to be mandatory and because, in any event, petitioners have failed to show good cause for the entry of a protective order vacating the requirement, the motion is denied.

Following the discovery procedure set by the court in these related habeas cases, the government sought leave to serve interrogatories on petitioners under Rule 33. After hearing petitioners' objections, the court largely granted the government's request. Per an agreement reached by the parties, the court set November 30, 2020, as the deadline for petitioners to respond to the approved interrogatories.[1] Petitioners' counsel responded to the interrogatories by the deadline, but petitioners themselves did not sign the answers

---

[1] ECF No. 598.

provided.  Instead, petitioners filed the instant motion for relief from Rule 33(b)'s signature requirement, asserting it is unduly burdensome for counsel to obtain the signatures of incarcerated petitioners, particularly given the COVID-19 pandemic.

Rule 33(b)(1)(A) requires that where, as here, interrogatories are directed at a party who is an individual, the "interrogatories must be answered . . . by the party to whom they are directed."  Subsection (b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  And subsection (b)(5) makes clear the distinct roles of parties and attorneys in responding to interrogatories: "The person who makes the answers must sign them, and the attorney who objects must sign any objections."  Petitioners acknowledge that under these provisions, each petitioner is required to personally sign their answers to the government's interrogatories.  But they ask the court to vacate the requirement via a protective order entered pursuant to Fed. R. Civ. P. 26(c).

Petitioners provide no caselaw support for this novel protective-order request. Nor was the court able to uncover any.  But in looking more broadly at how courts have addressed requests to relax Rule 33(b)'s signature requirement, caselaw indicates that, in all but the rare situation involving an incompetent answering party, courts have steadfastly deemed the requirement "mandatory."[2]  They have recognized the requirement may not

---

[2] *Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (sanctioning party who failed to sign interrogatory responses); *McDougall v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972); *Saria v. Massachusetts Mut. Life Ins. Co*., 228 F.R.D. 536, 538-39 (S.D.W. Va. 2005).  The court recognizes that in *Lastik v. Bahama Cruise Line, Inc.,* a case petitioners cite, an

2

"be relaxed merely because of difficulties relating to the availability of the party."[3]  In the District of Kansas, U.S. District Judge Kathryn H. Vratil addressed the mandatory nature of the signature requirement in *MomsWin, LLC v. Lutes*.[4]  Judge Vratil followed the weight of authority in ruling, "Rule 33 makes no exception where a party is unavailable to sign his or her answers."[5]  Noting Rule 33 "expressly provides" that interrogatories shall be signed by the person answering, she rejected an argument that an attorney may sign on behalf of his client if so authorized by the client in a standard attorney-client contract.[6]

Courts' strict adherence to Rule 33(b)'s signature requirement is premised in large part on the importance interrogatory answers have as admissible evidence.  "Such

---

exception was made to the signature requirement for "contention/expert interrogatories." No. 88 CIV. 3624 (KC), 1990 WL 139023, at *5 (S.D.N.Y. Sept. 18, 1990).  However, because *Lastik* does not align with District of Kansas caselaw (discussed below), or the weight of other authority, the court declines to follow it.

[3] *McDougall*, 468 F.2d at 472 (ruling there was "no excuse" for the failure of the party to personally sign even though he lived at a distance from his counsel and the place of trial).  *See also Branch v. Bank of Am.,* No. PWG-11-3712, 2013 WL 1742012, at *3 (D. Md. Apr. 22, 2013) (holding "the proffered excuse that the interrogatory responses were not signed by Plaintiff Paul Branch because he was traveling and not available the day they were due falls far short of substantial justification").

[4] No. 02-2195-KHV, 2003 WL 21077437 (D. Kan. May 9, 2003).

[5] *Id.* at *2.

[6] *Id.* (noting the answers required "authentic signatures").  *See also Harte v. Johnson Cty.,* No. CIV.A. 13-2586-JWL, 2015 WL 3514657, at *2 (D. Kan. June 4, 2015) (holding sheriff may not delegate Rule 33(b)'s signature requirement to deputy); *Brown v. Brotherton*, No. 07-2192-JAR-GLR, 2007 WL 4144958, at *2 (D. Kan. Nov. 20, 2007) ("Rule 33(b)(2) merely requires that the interrogatory answers be signed by the person making them.  If the party is an individual, the party's lawyer may sign the document to the extent objections are included; but a notarized verification, or affidavit, personally signed under oath by the party, must also accompany the responses.").

3

verification is essential for establishing the truth of the answers so that they may be relied on by the parties during the litigation and at trial."[7]  "[T]there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.'"[8]  Indeed, as Rule 33(c) provides interrogatory answers may be used at trial "to the extent permitted by the rules of evidence," excusing the signature requirement "negates the significant opportunity to introduce evidence through Interrogatories at trial."[9]  The government has noted it intends to bind petitioners to their interrogatory answers at the upcoming evidentiary hearings.

Petitioners have cited no support for the entry of a Rule 26(c) protective order that would override the mandatory signature provision of Rule 33(b).  Although Rule 26 does give the court wide discretion in fashioning the "scope" of discovery,[10] the court does not find this discretion applicable to the party-verification provision of Rule 33.  Again, it bears

---

[7] *In re Asbestos Prod. Liab. Litig. (No. VI)*, No. 08-90234, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012).  *See also Villareal v. El Chile, Inc.,* 266 F.R.D. 207, 211 (N.D. Ill. 2010) (finding that "requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses"); *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 538-39 (S.D.W. Va. 2005) (holding that since "interrogatory responses may be used at trial, they are nothing short of testimony. When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness. Likewise, the failure to provide client verification undermines the dispositive motion process under Rule 56(c)").

[8] *Walls,* 250 F.R.D. at 52 (quoting *Melius v. Nat'l Indian Gaming Comm'n*, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000)).

[9] *Vica Coal Co., Inc. v. Crosby*, 212 F.R.D. 498, 505 (S.D. W.Va. 2003).

[10] Fed. R. Civ. P. 26(b) (discussing proportionality considerations).

4

mentioning that petitioners do not object (at least in the instant motion) to the *extent* of the interrogatories (either in terms of number or information sought); rather, they only object to the verification requirement in place to bind them to their answers.

Even if the court could apply Rule 26(c) to rewrite the mandatory signature requirement of Rule 33(b), the court would not find good cause to so do.  Petitioners have not demonstrated that providing their signatures is unduly burdensome.  The court notes the signatures need not be notarized, so long as they are answered "under oath."[11]  Of course, each individual petitioner must be invested in their case.  Compared to the herculean effort put into this constitutional-rights case by petitioners' counsel, the government and its counsel, and the court, insisting that petitioners verify their interrogatory answers presents a minimal burden.  To be blunt, if any petitioner or their counsel feel they just can't be bothered with this minimal burden, then they may have to suffer the consequences, meaning possible dismissal of their claims.

With that said, the court calls on the government to help facilitate petitioners' communication with their counsel to discuss the interrogatories and obtain signatures.  For example, the court finds it reasonable to believe the United States Attorney's Office

---

[11] Such oaths should take substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date)." 28 U.S.C. § 1746(2).  *See also List v. Carwell*, No. 18-CV-2253 (DSD/TNL), 2020 WL 5988514, at *4 (D. Minn. Oct. 9, 2020); *McClellan v. Kern Cty. Sheriff's Office*, No. 1:10-CV-0386-LJO-MJS, 2015 WL 4598871, at *2 (E.D. Cal. July 28, 2015); *Ayuso–Figueroa v. Rivera–Gonzalez*, 456 F. Supp. 2d 309, 315 (D.P.R. 2005).

("USAO") could fairly readily obtain from the Bureau of Prisons ("BOP")—its sister agency within the Department of Justice—a chart showing the current location of each petitioner in custody (along with the relevant contact person at each BOP facility) and provide the chart to petitioners' counsel.  Should a petitioner's attorney request a telephone call with the petitioner, the USAO is ordered to coordinate with the BOP to (1) arrange that call as soon as practicable after receiving the request;  (2) ensure the call is confidential and not subject to fees; and (3) provide a physical copy of the interrogatories to the petitioner for use during the call.  The government has not suggested it is unable to take (or would be burdened by taking) these steps.

IT IS THEREFORE ORDERED that petitioners' motion for a protective order is denied.

IT IS FURTHER ORDERED that the government shall facilitate petitioners' communication with counsel about interrogatory answers.

IT IS FURTHER ORDERED that the parties must comply with this order so that the subject interrogatory answers are signed before the next status conference with the court on January 26, 2021.

Dated January 6, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

6

O:\19-2491-JAR, In Re CCA\-626.docx