**In the United States District Court**
**for the District of Kansas**

---

**In re: CCA Recordings 2255 Litigation**,
                  **Petitioners,**

v.                                                   Case No. 19-cv-2491-JAR-JPO

                                                              (This Document Relates to Case Nos. 14-cr-20014-JAR-13, 15-cr-20006-JAR-1, 15-cr-20020-JAR-5, *United States v. Petsamai Phommaseng,* and Case Nos. 18-cv-2477-JAR-JPO, 18-cv-2478-JAR-JPO, 18-cv-2479-JAR-JPO, *Petsamai Phommaseng v. United States*)

**United States of America.**
                  **Respondent.**

---

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Petsamai Phommaseng's Motion under 28 U.S.C. § 2255 to Vacate and Discharge with Prejudice under 28 U.S.C. 2255, as supplemented (Docs. 550, 583).[1]  In his motion, Petitioner seeks relief on three grounds, including that defense counsel provided ineffective assistance by failing to file a notice of appeal.[2]  The government has responded.[3]  Having carefully reviewed the record and the arguments presented, the Court exercises its discretion and orders the parties to expand the record as set forth below.

---

[1] Unless otherwise specified, citations prefaced with "Doc." refer to filings and docket entries in the underlying criminal case, D. Kan. No. 15-20020-JAR-5.

[2] Doc. 550 at 11–12.

[3] Doc. 579.

**I.      Factual and Procedural Background**

Petitioner was charged in the District of Kansas in three separate cases, alleging numerous drug trafficking, conspiracy, and firearm charges.[4]  On April 26, 2016, while represented by attorney Jacquelyn Rokusek, Petitioner pleaded guilty in each case pursuant to Fed. R. Crim. P. 11(c)(1)(C) and entered into three separate written plea agreements.[5]  In the second case, No. 15-20006, Petitioner entered a conditional plea, reserving the right to appeal the Court's October 12, 2015 order denying his motion to suppress evidence obtained as a result of a January 21, 2015 traffic stop and subsequent search.[6]

The Court proceeded to sentence Petitioner, in three separate sentencing hearings, to 180 months' imprisonment in each case, to run concurrently to the other two cases.  On August 16, 2017, this Court sentenced Petitioner in Case No. 15-20006 to 120 months' imprisonment on the § 924(c) count and possession count, to be served concurrently, and 60 months' imprisonment on the § 922(g) count, to be served consecutively, followed by a five-year term of supervised release.[7]  On October 2, 2017, this Court sentenced Petitioner as follows: (1) in Case No. 14-20014, 180 months' imprisonment, to be served concurrently with the sentences imposed in Case Nos. 15-20006 and 15-20020, followed by a five-year term of supervised release;[8] and (2) in Case No. 15-20020, 180 months' imprisonment, to be served concurrently with the sentences

---

[4] *See* D. Kan. No. 15-20006-JAR-1 (charging Petitioner with being a user of methamphetamine in possession of a firearm, using and carrying a firearm during and in relation to a drug trafficking crime, and possessing with intent to distribute methamphetamine); D. Kan. No. 15-20020-JAR-5 (conspiracy to manufacture, distribute, and possess with intent to distribute 50 grams or more of methamphetamine and using a communication facility to commit the conspiracy charge); D. Kan. No. 14-20014-JAR-13 (conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine).

[5] D. Kan. No. 14-20014-JAR, Docs. 475–78; D. Kan. No. 15-20006-JAR, Docs. 90–94; D. Kan. No. 15-20020-JAR, Docs. 244–47.

[6] D. Kan. No. 15-20006-JAR, Doc. 94, at 15–16.

[7] *Id.* Doc. 174.  Judgment was entered on August 22, 2017.

[8] D. Kan. No. 14-20014-JAR, Doc. 688.

imposed in Case Nos. 14-20014 and 15-20006, followed by a five-year term of supervise release.[9]

On October 19, 2017, Petitioner filed a *pro se* notice of appeal that was filed and docketed under all three cases, but raised only the suppression issue on appeal.[10] Because judgment in 15-20006 was entered August 22, 2017, however, the government argued that the notice of appeal was outside the fourteen-day appeal window and should be dismissed as untimely.[11] Defendant moved to voluntarily dismiss his appeal, which the Tenth Circuit granted.[12]

On September 6, 2018, the Federal Public Defender filed a § 2255 motion on behalf of Petitioner in all three underlying criminal cases asserting three grounds for relief: (1) the government violated his Sixth Amendment right to confidential attorney-client communications when it allegedly obtained soundless video recordings of his meetings with counsel while he was incarcerated at Corrections Corporation of America ("CCA");[13] (2) Rokusek provided ineffective assistance of counsel when she failed to timely file a notice of appeal; and (3) Rokusek provided ineffective assistance of counsel when she failed to adequately challenge the drug quantity attributed to him.[14]

On January 17, 2019, Petitioner supplemented his § 2255 motion to claim that the government accessed and obtained audio recordings of at least 76 phone calls he made to his

---

[9] Doc. 463.

[10] Tenth Circuit Case No. 17-3225(L), Doc. 01019964727 (Appellant's Opening Brief).

[11] *Id.* Doc. 010110011543.

[12] *Id.* Doc. 010110034475 (Aug. 18, 2018 Order).

[13] That facility has since been renamed CoreCivic. For convenience, the Court refers to it as CCA in this Order.

[14] Doc. 550.

3

counsel from CCA.[15]  The government responded, arguing (1) Ground 1 should be dismissed as procedurally barred or, in the alternative, denied on the merits without an evidentiary hearing; (2) an evidentiary hearing should be held on Ground 2; and (3) Ground 3 should be denied on the merits without an evidentiary hearing.[16]

**II.     Discussion**

Petitioner claims that Rokusek disregarded his instructions to file a notice of appeal of the suppression order.  The government states that Rokusek declined its request to provide an affidavit in response to Petitioner's claim.  While it is clear that Petitioner reserved the right to appeal the denial of the suppression regarding a traffic stop and a search in his Rule 11(c)(1)(C) conditional plea agreement, he offers no evidence that he directed Rokusek to file a notice of appeal beyond the assertions in his motion, leaving the record unclear whether he and counsel discussed filing an appeal following the August 16, 2017 sentencing.

A particularized claim that counsel failed to file a notice of appeal despite a timely request from the defendant is generally sufficient to warrant relief.[17]  "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."[18]  The proper remedy if counsel failed to file an appeal is to vacate Petitioner's sentence and allow him to be resentenced so that he may perfect an appeal.[19]  "But this does not imply that a habeas petitioner is automatically entitled to an

---

[15] Doc. 583.

[16] Doc. 597.

[17] *United States v. Jasso Chavero*, 630 F. App'x 866, 868 (10th Cir. 2015) (citing *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2013)).

[18] *Snitz*, 342 F.3d at 1155–56; *see also Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) ("[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000))).

[19] *United States v. Moore*, 83 F.3d 1231, 1233 (10th Cir. 1996).

evidentiary hearing merely because he makes a bald allegation that his attorney refused to file an appeal."[20] The Tenth Circuit has noted that the district court retains the "flexibility" or discretion "to utilize alternative methods to expand the record without conducting an extensive hearing."[21] The Supreme Court has said that a § 2255 movant is not always entitled to a full hearing simply because the record "does not conclusively and expressly belie his claim."[22] District courts retain the "discretion to exercise their common sense" and dispose of these issues without a hearing when a movant's factual allegations are "vague, conclusory, or palpably incredible."[23]

"[T]he crux of [a defendant's] § 2255 case" is "whether or not [he] instructed his attorney to file a notice of appeal."[24] At this point, however, the Court declines to order an evidentiary hearing on this claim without first exercising its discretion to develop the record on this issue. Accordingly, the Court will give both sides 30 days to expand the record in order to determine whether Petitioner made such a request. Petitioner is expected to supply a sworn statement setting forth the factual details in support of his claim that he requested his counsel to file a notice of appeal, including but not limited to the time, place, and manner of any discussion(s) between himself and Rokusek, the details of their discussion(s), and "any other detail which would lend the requisite specificity or credibility to this allegation."[25] The government is expected to submit an affidavit from Rokusek on the specific facts and circumstances surrounding her failure to file an appeal. Although Rokusek declined the government's initial request, the Court is confident she will comply with an order from the Court directing her to do

---

[20] *United States v. Harrison*, 375 F. App'x 830, 833 (10th Cir. 2010).

[21] *United States v. Lee-Speight*, 529 F. App'x 903, 907 n.5 (10th Cir. 2013).

[22] *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

[23] *Id.* at 495–96.

[24] *United States v. Garrett*, 402 F.3d 1262, 1266 (10th Cir. 2005) (remanding for a hearing on this issue).

[25] *United States v. Lester*, No. 09-40074-SAC, 2011 WL 3489994, at *7 (D. Kan. Aug. 10, 2011).

so.[26]  The Court will determine the need for an evidentiary hearing after reviewing the expanded record.  The Court defers ruling on Grounds 1 and 3 at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that both sides will have **30 days** from the date of this Order to expand the record as discussed above.

**IT IS SO ORDERED.**

Dated: January 22, 2021

 S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[26] *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (holding when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove the claim).