IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**In re: CCA Recordings 2255 Litigation**,
                              **Petitioners,**

v.                                                 Case No. 19-cv-2491-JAR

                                                 (This Document Relates to Case No. 16-cr-20022-JAR-2, *United States v. Gary Jordan*, and Case No. 19-cv-2015-JAR, *Gary Jordan v. United States*)

**United States of America.**
                              **Respondent.**

## MEMORANDUM AND ORDER

On November 14, 2023, this Court denied Petitioner Gary Jordan's Motion to Vacate and Discharge with Prejudice Under 28 U.S.C. § 2255, as amended.[1] Before the Court is Petitioner's Rule 60 Motion for Ruling on Unresolved 28 U.S.C. § 2255 Claim and Request for Evidentiary Hearing (Doc. 216). For the reasons explained below, the Court grants Petitioner's motion to reopen his § 2255 proceedings and denies the previously-unaddressed claim.[2]

Petitioner asserts that his § 2255 motion included two claims: (1) a Sixth Amendment intentional intrusion claim relying on the per se rule in *Shillinger v. Haworth*,[3] which the Court denied; and (2) a claim alleging that his guilty plea was not knowing or intelligent because at the time he entered his open guilty plea on July 20, 2016, the government possessed his attorney-

---

[1] Doc. 215. Unless otherwise specified, citations prefaced with "Doc." refer to filings and docket entries in the underlying criminal case, 16-20022-JAR-2.

[2] *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (holding a motion under Fed. R. Civ. P. 60(b) is the appropriate vehicle for alerting the district court to a failure to rule on a § 2255 claim).

[3] 70 F.3d 1132 (10th Cir. 1995).

client communications and had neither disclosed such information to the Court or defense counsel, nor divested itself of the video recordings of his meetings with counsel while detained at CCA. The government has not filed a response to Petitioner's Rule 60(b) motion, but advised counsel for Petitioner that it disagrees that the Court overlooked this claim.[4]

In the November 14, 2023 Order, the Court granted Petitioner's motion for leave to amend his first claim to allege that the government did not become privy to the contents of the video recordings of his attorney-client meetings until after Petitioner pled guilty on July 20, 2016. Pursuant to this amendment, the Court analyzed his claim as asserting a discrete post-plea, pre-sentence Sixth Amendment violation challenging only his sentence, noting that his original pre-plea claim challenging his conviction as well as any challenge to his sentence based on that pre-plea violation would have been subject to dismissal.[5] Nonetheless, Petitioner argues that he presents a "unique" claim that, had the government disclosed the fact that it was in physical possession of his attorney-client communications at the time, he would have gone to trial rather than pled guilty. This claim is without merit.

To find a guilty plea is voluntarily and knowingly entered into, the record must establish the petitioner had a full understanding of the consequences of his plea and the charges against him.[6] As the Tenth Circuit recently reaffirmed in *United States v. Spaeth*, the Supreme Court has rejected the notion that lack of awareness or knowledge of a particular defense or claim, even if constitutionally grounded, necessarily renders a guilty plea involuntary.[7] In *Tollett v. Henderson*, the Court refused to find that the defendant's guilty plea was rendered involuntary

---

[4] Doc. 216 at 3 n.10.

[5] Doc. 215 at 14 & n.58.

[6] *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

[7] 69 F.4th 1190, 1200–02 (10th Cir. 2023) (discussing *Tollett v. Henderson*, 411 U.S. 258, 265 (1973)).

2

2

based on a constitutional claim that he discovered after he pled guilty; namely, that he was indicted by an unconstitutionally-selected grand jury in violation of his Fourteenth Amendment due-process rights.[8]  The Court stated, "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry."[9]  Instead, "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea."[10]  The Tenth Circuit explained that *Tollett* and its progeny require a petitioner to demonstrate whether ineffective assistance of counsel caused him to enter a guilty plea involuntarily and unknowingly.[11]

As *Spaeth* makes clear, whether Petitioner knew about a constitutional claim involving the government's possession of the video recordings is not the focus when determining the voluntariness of Petitioner's guilty plea.  Instead, a petitioner who enters a plea of guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing that trial counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty, but would have insisted on going to trial instead.[12]  Petitioner does not attempt to meet the applicable *Tollett* standard for showing that ineffective assistance of counsel caused him to enter his plea involuntarily or unknowingly.  Although Petitioner alleges the prejudice prong of this

---

[8] 411 U.S. at 260–61.

[9] *Id.* at 267.

[10] *Id.* at 266.

[11] *Spaeth*, 69 F.4th at 1213.

[12] *Id.* at 1203 (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)).

standard, he does not assert that counsel was ineffective. Petitioner's challenge to the voluntariness of his plea is therefore dismissed on this ground.

Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[13] If the district court denies a habeas petition on procedural grounds without reaching the merits of petitioner's underlying constitutional claim, "the prisoner must show both (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"[14] For the reasons explained above, Petitioner has not made a substantial showing on either prong and the Court therefore denies a COA with respect to this claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Gary Jordan's Rule 60 Motion for Ruling on Unresolved 28 U.S.C. § 2255 Claim and Request for Evidentiary Hearing (Doc. 216) is **granted in part**; the Court reopens Petitioner's § 2255 proceedings, and **dismisses** the unresolved claim. Petitioner is also denied a certificate of appealability.

**IT IS SO ORDERED.**

Dated: December 11, 2023

                                                        S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 2253(c)(2).

[14] *United States v. Park*, 727 F. App'x 526, 528 (10th Cir. 2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).